*Response To Order To Show Cause*

JF 55

## COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

Name *Bloodsaw Theopric K.*

(Last)          (First)          (Initial)

Prisoner Number *N/A*

Institutional Address *PBSP, B8-113, P.O. Box 7500,*
*Crescent City, CA. 95532*

**FILED**

AUG 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

*Bloodsaw Theopric*
(Enter the full name of plaintiff in this action.)
*et al.*

vs.

*Nelson D.*
*Harlow D. J.*

_____

_____

_____
(Enter the full name of the defendant(s) in this action)

CV 08     3855

Case No. _____
(To be provided by the clerk of court)

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983**   **(PR)**

JF

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies

[**Note:** You must exhaust your administrative remedies before your claim can go

forward.  The court will dismiss any unexhausted claims.]

A.    Place of present confinement *PBSP*

B.    Is there a grievance procedure in this institution?

YES (✓)    NO ( )

C.    Did you present the facts in your complaint for review through the grievance

procedure?

YES(✓)    NO ( )

D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                          - 1 -

2

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _Two emergency appeals to Director's Level Review. CV-00752 JF-550. Supreme Court Reports 88_

2. First formal level _LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III Partic ular circumstance under which exha_

3. Second formal level _ustion of state remedies is or is not necessary._

_____

4. Third formal level _____

_____

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

YES (✓)    NO ( )

F.    If you did not present your claim for review through the grievance procedure, explain

why._____

_____

_____

II.    . Parties

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

_Bloodsaw Theopric, PBSP, B8-113, P.O. Box 7500, Crescent City, CA. 95532_

_____

B.    Write the full name of each defendant, his or her official position, and his or her place of

employment.

_Nelson D., Correctional Officer, PBSP._
_Harlow D.J., Correctional Officer, PBSP._

COMPLAINT                                    - 2 -

3.

1
2
3

III.    Statement of Claim

4

State here as briefly as possible the facts of your case.  Be sure to describe how each

5

defendant is involved and to include dates, when possible.  Do not give any legal arguments or cite any

6

cases or statutes.  If you have more than one claim, each claim should be set forth in a separate

7

numbered paragraph.

8

Nelson D., 10-5-07 Seditious an private cons
piracy to deprive const. rights (ADA) single
cell housing liberty, due process of law, eq
ual protection of the law, breach of duty,
entrapment forced BMU an ASU, sexual mis
conduct, under color of law. Harlow D.J.,
10-3-07 Seditious an private conspiracy to
deprive const. rights (ADA) single cell hous
ing liberty, due process of law, equal prote
ction of the law, breach of duty, entrap
ment forced BMU an ASU, sexual misconduct,
attempt forced double cell, warrantless disci
plinary, under color of law. Sedition et al.

IV.    Relief

Your complaint cannot go forward unless you request specific relief.  State briefly exactly what

you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

I am asking the court for just compensation for
punitive, monetary, and liability, an slander
damages. I am asking the court for a permane
nt injunction and grant me single cell housing

COMPLAINT                                          - 3 -

1    *that Im legally an medically (ADA) entitle*
2    *to*
3
4    I declare under penalty of perjury that the foregoing is true and correct.
5
6    Signed this _7_ day of _July_ , 20_08_
7
8    _T. Bloodsaw_
9    (Plaintiff's signature)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                          - 4 -

**FORM E**

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of _PBSP_ in the county of _Del Norte_,
California. I am over the age of 18 years. My residence address is:

_P.O. Box 7500, Crescent City, CA. 95532_.

On _7-7-08_, I served the attached _Civil Right Complaint_ on the
_Court_ in said case by placing a true copy thereof enclosed in a

sealed envelope with postage thereon fully paid, in the United States mail at

_PBSP_

addressed as follows:

_U.S. Dist. Court, Northern Dist. of CA., 450
Golden Gate Ave., San Francisco, CA. 94102_.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on _7-7-08_ [date],

at _Crescent City_, California.

_Bloodsaw Theopric_
[Type or Print Name]

_T. Bloodsaw_
[Signature]

II.

Petitioner denies the allegations contained in paragraph II of the return.

III.

Petitioner admits the allegations contained in paragraphs III, IV, and V of the return.

[Add any further allegations which are appropriate and not already included in the petition.]

Petitioner realleges and incorporates by reference herein all the allegations and contentions set forth in the petition.

WHEREFORE, petitioner requests that the relief prayed for in the petition be granted.
DATED:

Respectfully submitted,

[Signature]_____

[Type your name here]

[Attach a Memorandum of Points and Authorities to the Denial and Exception to the Return. This Memorandum should address the legal arguments made by the Attorney General or District Attorney. For a model format, please refer to the sample Memorandum of Points and Authorities included in Form B. Mail a copy of the denial to the court and a copy to the Attorney General or District Attorney who filed the Return. Attach a proof of service form.]

2

# MOTION - P.C. 1538.5

P.C. 1538.5. Motion to return property or suppress evidence.

(A)(1) A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure or either of the following grounds

(i) The warrant is insufficient on its face

(iv) The method of execution of the warrant violated federal and state constitutional standards

(H) If prior to the trial of a felony or misdemeanor opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion the defendant shall have the right to make this motion during the course of trial

P.C.
995

# Grounds; Motion to set aside; delay in Final ruling

(a) Subject to subdivision (b) of Section 995 a, the indictment or information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases

(1) If it is an indictment:

(A) Where it is not found, endorsed, and presented as prescribed in this code.

(B) That the defendant has been indicted without reasonable or probable cause.

(2) If it is an information:

(A) That before the filing thereof the defendant had not been legally committed by a magistrate.

(B) That the defendant had been committed without reasonable or probable cause.

(b) In cases in which the procedures set out in subdivision (b) of Section 995 a is utilized, the court shall reserve a Final ruling on the motion until those procedures have been completed.

# MOTION 1004

Penal Code

## P.C. 1004 Demurrer; grounds

The defendant may demur to the accusatory pleading at any time prior to the entry of a plea, when it appears upon the face thereof either:

1. If an indictment that the grand jury by which it was found had no legal authority to inquire into the offense charged or, if an information or complaint that the court has no jurisdiction of the offense charged therein;

2. That it does not substantially conform to the provisions of Sections 950 and 952 and also Section 951 in case of an indictment or information;

3. That more than one offense is charged except as provided in Section 954;

4. That the facts stated do not constitute a public offense;

5. That it contains matter which, if true would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution.

# MOTION

# MOTION        TO        DISMISS
# LACK OF JURISDICTION OVER THE
# SUBJECT  MATTER

# MOTION

# MOTION TO CORRECT RECORD

# MOTION

# MOTION FOR SUMMARY JUDGMENT

# MOTION

## Motion To Dismiss For Insufficiency

MOTION

PITCHESS MOTION

# MOTION

## MOTION FOR DEFAULT



ORIGINAL



STATE OF CALIFORNIA -DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 17, 2007

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

RE: IAB# 0713606        STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parole appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

October 26, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*You have failed to reasonably demonstrate that the issue you are appealing adversely affects your welfare, pursuant to CCR 3084.1(a).*

*THE OFFICE OF THE CHIEF DEPUTY WARDEN HAS DETERMINED YOUR ALLEGATION DOES NOT WARRANT AN INQUIRY INTO STAFF MISCONDUCT. YOUR APPEAL IS THEREFORE BEING REJECTED AND RETURNED TO YOU FOR THE ABOVE NOTED REASON.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

OCT 2 6 2007

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.          Category
1. **PBSP**                              1. _____          +/1
2. _____                       2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: BloodsAW Theopric   NUMBER: P20045   ASSIGNMENT: ——   UNIT/ROOM NUMBER: ASU-E1

A. Describe Problem: C/O, D. Nelson I am being housed in ASU unlawfully under a unlawful CDC No. P20045 and you have shown a great deal of hostility toward me. On 10-5-07 in the process of escorting me from the shower you made a statement saying I was about to take a cellie because they are going to take my butt from me. I am in state prison because of the same Hispanics an Bloods informants that you are getting your information from. They have

If you need more space, attach one additional sheet.

that sex rumor an many others such as I better not ever come on the yard floating all over PBSP and you as a CDC, C/O has chosen to jump on the ban wagon with the informants. On 11-8-02 I did not commit a crime I was
T. Bloodsaw

Inmate/Parolee Signature: _____    Date Submitted: 10-11-07

C. INFORMAL LEVEL (Date Received: _____)
Staff Response: Bypass - informal review not required

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

RECEIVED APPEALS BRANCH NOV 13 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification-chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I am legally and medically entitle to single cell housing since my arrival at PBSP 2-24-04. 26 S. Ct. 282, 200 U.S. 321 United States v. Nation Timber & Lumber Co. (1906) 3075.3. Discharge Certificates. 3085. Americans With Disabi-

Signature: T. Bloodsaw    Date Submitted: 10-11-07

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim


OCT 12 2007    OCT 26 2007
TO CDW    ZS


0713606

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

Location: Institution/Parole Region _____ Log No. _____ Category _____

1. _____ 1. _____

2. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: *Bloodsaw Theopric*  NUMBER: *P20045*  ASSIGNMENT: _____  UNIT/ROOM NUMBER: *ASU-E1*

A. Describe Problem: *unlawfully arrested as a parole violator P.C.5011. a parole warrant is P.C.3056. 3000. Definitions. 3013. Unlawful Influence. 3401. Employee and Inmate/Parolee Relations. 3401.5. Employee Sexual Misconduct. 3901.17.2. Criteria for Placement of Parole Hold. 3135. Incompatible Activity. 3377.1. Inmate Custody Designations. 3273. Acceptance and Surrender of Custody. 3075.1. Intake Processing. 3160. Inmate Access to Courts. 103 U.S. 370, 103 U.S. 370 Neal v. State of Delaware (1900)*

If you need more space, attach one additional sheet.

B. Action Requested: *Now I'm taking the privilege of asking you for jurisdiction requirements according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV you have know reason to disrespect me. CV-00752-JF-suit 550*

Inmate/Parolee Signature: *T. Bloodsaw*  Date Submitted: *10-11-07*

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: *Bypass - informal review not required*

RECEIVED NOV 13 2007 INMATE APPEALS BRANCH

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*...lities Act. 41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 80 S.Ct. 462, 361 U.S. 516 Bates v. City of Little Rock (1960) 6 S.Ct. 1064, 118 U.S. 356 Yick Wo v. Hopkins (1886) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875)*

*T. Bloodsaw*

Signature: _____  Date Submitted: *10-11-07*

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

*10*

STATE OF CALIFORNIA -DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 12, 2007

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0713161       STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

*11*

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

October 24, 2007

*BLOODSAW, P20045*
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2)).*

*THIS SAME COMPLAINT WAS ALREADY RECEIVED BY THIS OFFICE AND PROCESSED VIA THE CDW ON 10-23-07.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

OCT 2 4 2007

2

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category 7/1

1. PBSP    1. ___    ___

2. ___    2. ___

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME Bloodsaw Theopric   NUMBER P20045   ASSIGNMENT ___   UNIT/ROOM NUMBER ASU-E1

A. Describe Problem: C/O Harlow D.J. I am taking the privilege of as-King you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV. On 11-8-02 I was unlawfully arrested as a parole violator P.C.5011. a parole warrant is P.C.3056. CDC No. P20045 is unlawful and void. Out of hostility an bigotry you came to my cell with the picture identification card of another inmate demanding me to

If you need more space, attach one additional sheet.

move into his cell. I told her I was not moving into his cell or going to take a cellie she stated that I was afraid and scared that he was going to take my butt from me. I have heard the southern Hispanics and Blood

Inmate/Parolee Signature: T. Bloodsaw    Date Submitted: 10-24-07

C. INFORMAL LEVEL (Date Received: ___ )

Staff Response: Bypass - informal review not required

RECEIVED NOV -5 2007 INMATE APPEALS BRANCH

Staff Signature: ___    Date Returned to Inmate: ___

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

80 S. Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 9 S. Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 26 S. Ct. 282, 200 U.S. 321 United States v. Detroit Timber & Lumber Co. (1906) 72 S. Ct. 205, 342 U.S. 165 Rochin v. California (1952)

T. Bloodsaw

Signature: ___    Date Submitted: 10-24-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: ___

OCT 2 4 2007

16

First Level   □ Granted   □ P. Granted   □ Denied   □ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____
_____
_____
_____
_____
_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*Your statements are false my lost appeal was on 10-11-07 and not against C/O Harlow, 90 S.Ct.1011, 397 U.S.254 Goldberg v. Kelly (1970) 78 S.Ct.1332, 357 U.S.513 Speiser v. Randall (1958) 97 T/U.S. 652, 97 T/U.S. 652 Barney v. Dolph, (1878) * 811 60 S.Ct.811*

Signature: *T. Bradshaw*    Date Submitted: 10-29-07

Second Level   □ Granted   □ P. Granted   □ Denied   □ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
□ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*C.E. Wilber, Appeals Coordinator refused to cooperate at the second level for malice reasons, 453 F.2d 12 Inmates of the Attica Correctional Facility v. Rockefeller (1971) 320 F.Supp.5—13 Blyden v. Hogan (1970) 143 Cal.Rpt.898, 233 Cal.App.2d 499 LeMere v. Goren (1965) 87 S.Ct.1737, 387 U.S.541 See v. City of Seattle (1967) 635, C.t.1717, 317 U.S.213 Pyle v. State of Kansas (1942)*

Signature: *T. Bradshaw*    Date Submitted: 10-30-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: □ Granted   □ P. Granted   □ Denied   □ Other
□ See Attached Letter

Date: _____

CDC 602 (12/87)

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved: _____    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C.E. Wilber, Appeals Coordinator made false statement on a miscellaneous piece of paper saying my chronological history did not support my appeal he said that because it is a fraudulent document. It was returned without my appeal.*

Signature: *T. Bootsaw*    Date Submitted: *11-9-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Horel Robert A., Warden or Cook M. Associate Warden rejected my appeal for malice reason. My appeal is asking for jurisdiction requirements U.S.C.A. 7 8 S.Ct. 1332, 357 U.S. 513 Speiser v. Randall (1958) 83 S.Ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963) 101 U.S. 260, 101 U.S. 260 Simmons v. Wagner (1879) 481 F.2d 1028 Johnson v. Glick (1973)*

Signature: *T. Bootsaw*    Date Submitted: *11-9-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

First Level.  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                                         Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*92 S.Ct. 2593, 408 U.S. 471 Morrissey v. Brewer (1972) 89 S. Ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 90 S.Ct. 1011, 397 U.S. 254 Goldberg v. Kelly (1970) 43.Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)*

Signature:    *T. Bloodsaw*                         Date Submitted: *11-9-07*

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*9 S.Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878) 72 S.Ct. 205, 342 U. S. 165 Rochin v. California (1952) 87 S.Ct. 1737, 387 U.S. 54 - 1 See v. City of Seattle (1967) 81 S.Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 320 F. Supp. 513 Blyden v. Hogan (1970) 68 S. Ct. 1049, 334 U.S. 266 Price v. Johnston (1948)*

Signature:    *T. Bloodsaw*                         Date Submitted: *11-9-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

☐ See Attached Letter

                                                              Date: _____

CDC 602 (12/87)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Bloodsaw Theopric | P20045 | | ASU-E1 |

A. Describe Problem: gang members tell her that they did not want me in here and I was afraid to take a cellie because they are going to take my butt. I am lawfully an medically entitled to single cell housing she is contradicting CCR Title 15. 3000. Definitions. 3901.17.2. Criteria For Placement of Parole Hold. 3075.1. Intake Processing. 3377.1. Inmate Custody Designations. 3160. Inmate Access to Courts. 3013. Unlawful Influence.

If you need more space, attach one additional sheet.

B. Action Requested: I am asking C/O Harlow DJ. for jurisdiction requirements according to the U.S.C. Amendments I - IV - V - VIII - IX - XIII - XIV.

CV-00752-JF-550

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 10-24-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

3271. Responsibility of Employees. 3273. Acceptance and Surrender of Custody. 3401. Employee and Inmate/Parolee Relations. 3401.5. Employee Sexual Misconduct. 3085. Americans With Disabilities Act. *540 17 S. Ct. 540

Signature: T. Bloodsaw          Date Submitted: 10-24-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                    Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_89 S. Ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 92 U.S. 275,_
_92 U.S. 275 Chy Lung v. Freeman (1875) 96 S. Ct. 1848, 425 U.S. 7 -_
_38 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 6 S. Ct. 73 -_
_4, 117 U.S. 241 Ex parte Royall (1886)_

Signature: _T. Bloodsaw_                     Date Submitted: _10-29-07_

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_87 S. Ct. 1727, 387 U.S. 523 Camara v. Municipal Court of City a-_
_nd County of San Francisco (1967) 81 S. Ct. 473, 365 U.S. 167 Mo-_
_nroe v. Pape (1961) 41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gall-_
_egos (1964) 92 S. Ct. 2593, 408 U.S. 471 Morrissey v. Brewer (197-_
_2) 83 S. Ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963) 101 U.S. 260,_
_101 U.S. 260 Simmons v. Wagner (1879)_

Signature: _T. Bloodsaw_                     Date Submitted: _10-30-07_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

*inmate*

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT                    GPL= 3.3          CCCMS-NO

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| 0045 | BLOODSAW | 5-28-2020 | PBSP | ASUE-01L | E07-10-0003 |

| VIOLATED RULE NO(S). | SPECIFIC CHARGE: | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (b) | REFUSAL TO OBEY ORDERS | ASU-1 | 10-03-07 | 1000 |

CIRCUMSTANCES

On 10-03-07, at approximately 1000 hours, while assigned as the Administrative Segregation Unit-1 (ASU-1) S/E OFFICER #2, I informed inmate BLOODSAW, P-20045, ASUE-01L, that it is the expectation for inmates in the ASU to voluntarily double cell, unless there is a documented and justified reason in their Central File stating otherwise. An inmate is considered to have refused to double cell when the inmate refuses to allow another to move into his cell or refuses to move into another cell, housing a second inmate. I afforded BLOODSAW opportunity to cell with inmate *SMITH, V-14095*. BLOODSAW stated, "*I aint takin no cellie, fuck you, Bitch, I aint even supposed to be here. Bitch, Fuck you.*" I informed BLOODSAW he would receive a CDC-115 for refusing to double cell.

This inmate is not EOP or crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment in not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. HARLOW | 10-5-07 | ASU S/E #2 | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| R.E. BERRY, SGT. | | N/A | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | F | 10-5-07 | G.H. WISE, LT. | ☐ HO  ☒ SHO  ☐ SC  ☐ |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| CDC 115 | BY: (STAFF'S SIGNATURE) M. HENSHAW CO | DATE | TIME 1145 | TITLE OF SUPPLEMENT N/A | |
| INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME |

HEARING

SEE ATTACHED HEARING DISPOSITION

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) G.A., KELLEY, SENIOR HEARING OFFICER | SIGNATURE | | DATE | TIME 0946 |
| REVIEWED BY: (SIGNATURE) M. FOSS, CAPT | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M.A. COOK, AWGP | DATE 10-30-07 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE | TIME |

*15*

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3005 (b) | 10-3-07 | PBSP | E07-10-0003 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES    ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ▶                                    DATE

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ▶                                    DATE

DATE NOTICE OF OUTCOME RECEIVED        DISPOSITION

☐ **I REVOKE** my request for postponement.
INMATE'S SIGNATURE ▶                                    DATE

## STAFF ASSISTANT

STAFF ASSISTANT
☐ REQUESTED    ☒ WAIVED BY INMATE    INMATE'S SIGNATURE ▶ *Refused to sign*    DATE 10/9/07
☒ ASSIGNED    DATE 10/3/07    NAME OF STAFF C/O P. Price
☐ NOT ASSIGNED    REASON (§_____ 2.3)

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☐ REQUESTED    ☒ WAIVED BY INMATE    INMATE'S SIGNATURE ▶ *Refused to sign*    DATE 10/9/07
☐ ASSIGNED    DATE    NAME OF STAFF
☒ NOT ASSIGNED    REASON UNMC per CCR 3315 (d) (1)

EVIDENCE / INFORMATION REQUESTED BY INMATE: none

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

|  |  |  |
|---|---|---|
| INVESTIGATOR'S SIGNATURE ▶ na | | DATE |
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/O L. Hollis | TIME 1145    DATE 10/9/07 |

CDC 115-A (7/88)

STATE OF CALIFORNIA                                           DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                              PAGE ___1___ OF ___2___

| CDC NUMBER<br>P-20045 | INMATE'S NAME<br>BLOODSAW | LOG NUMBER<br>E07-10-0003 | INSTITUTION<br>PBSP | TODAY'S DATE<br>10/12/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: On 10/12/07 at approximately 0946 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O J. CRON and C/O B. PRICE) to his refusal was completed.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, B. PRICE, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. PRICE confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 10/03/07.

**Finding**: Guilty of the Div. F-3 (CCR 3315 (a)(3)(J)) offense REFUSAL TO OBEY ORDERS. This offense requires evidence that the inmate was given a direct order by a staff member and the inmate refused to comply with this order. This finding is based upon the following preponderance of evidence:

A. The testimony of OFFICER HARLOW in the disciplinary report of 10/03/07 wherein HARLOW testifies that BLOODSAW was ordered to double cell with another inmate and refused stating "I' aint taking no cellie, fuck you, bitch."

**Disposition**: Assessed **30** day credit forfeiture for this Div. F offense. With this notice, BLOODSAW is informed that his credit restoration period began 10/04/07 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER<br>G. A. KELLEY | | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>10/12/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE)<br>c/o D. Harlow | DATE SIGNED:<br>11/1/07 | TIME SIGNED:<br>1100 | |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE    2    OF    2

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-10-0003 | INSTITUTION PBSP | TODAY'S DATE 10/12/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Additional penalties**: Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or damage of state property. Restriction of canteen privileges means canteen draw slips will not be accepted during this period of restriction. Any canteen draw slips submitted by this inmate during this period will be returned without action. The inmate will be allowed to keep any canteen received or ordered prior to this restriction. This offense involved the intentional or negligent misuse, damage or destruction of state property as follows: Misuse of a state prison cell property. Specifically, by BLOODSAW willfully refusing to allow another compatible inmate to be housed in the available bed within his assigned cell, BLOODSAW is misusing state prison housing which is costing the state taxpayers hundreds of dollars daily in overcrowding housing of state prisoners and overtime pay for state employees. Effective the date of this hearing through 01/10/08, canteen privileges are restricted for BLOODSAW for a total of **90 days**.

**Copies**: Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER G. A. KELLEY | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 10/12/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) c/o D Harlow | DATE SIGNED: 11/1/07 | TIME SIGNED: 1100 |

ATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

AME and NUMBER    BLOODSAW    P-20045    CELL:    ASU-E-01L

er CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or amage of state property. Restriction of canteen privileges means canteen draw slips submitted by this inmate will be returned ithout action. The inmate will be allowed to keep any canteen received or ordered prior to this restriction. On 10/12/07, this mate was found guilty of a disciplinary offense (log number E07-10-0003) involving the intentional or negligent misuse, damage destruction of state property. Effective the date of this hearing, canteen privileges are restricted for 90 days through 01/10/08.

G. A. KELLEY
Correctional Lieutenant
PBSP

RIG    :    C-File
:    :    INMATE

ATE    10/12/07

PBSP

GENERAL CHRONO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

AME AND NUMBER    CELL.

RIG    :    C-File
:    :

NCC    PBSP    GENERAL CHRONO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

AME AND NUMBER    CELL.

RIG    :    C-File
:    :

NCC    PBSP    GENERAL CHRONO

5.78 7# 7#
6 7# 
78  7#
9

DA# 07040144                          Agency:  PBSP                                    5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

                        Plaintiffs,                    **COMPLAINT**

        vs.                                            Att:
                                                       Alexander
THEOPRIC BLOODSAW, P-20045                             Court  Date 6-14-07

                        Defendant.

The DISTRICT ATTORNEY of the County of Del Norte, State of California, hereby charges the DEFENDANT with having committed, in the County of Del Norte, the crime of:

**COUNT 1.**
**BATTERY ON CORRECTIONAL OFFICER**, in violation of **Section 4501.5** of the Penal Code, a felony.

On or about April 12, 2007, the Defendant did willfully and unlawfully being a person confined in a state prison of this state, commit a battery upon the person of Correctional Officer J. Thom , an individual who is not himself a person confined therein. (Kicked in Knee)

**COUNT 2.**
**RESISTING EXECUTIVE OFFICER**, in violation of **Section 69** of the Penal Code, a **FELONY**.

On or about April 12, 2007, the Defendant did willfully, unlawfully and knowingly resist executive officers, to-wit: Correctional Officers J. Thom and T. Holmes, in the performance of their duty by the use of force and violence .

Or 19

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

Katherine Micks, **DEPUTY DISTRICT ATTORNEY**

1  MICHAEL D. RIESE
   DISTRICT ATTORNEY
2  Courthouse - 450 H Street
   Crescent City, CA 95531
3  Telephone: (707) 464-7210

4

5                    SUPERIOR COURT, OF CALIFORNIA

6                        COUNTY OF DEL NORTE

7  PEOPLE OF THE STATE OF CALIFORNIA,          CASE NUMBER:
                    Plaintiff,                 CRPBCS7 - 5089
8          vs.                                 ORDER FOR TRANSPORT
                                               VIDEO
9  THEOPRIC BLOODSAW, P-20045
10                  Defendant.                 COURT DATE: May 31, 2007
                                               TIME: 8:00 a.m.

11

12  TO THE WARDEN OF PELICAN BAY STATE PRISON:

       IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior
13  court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
    State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
14  Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

15  IT IF FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
    Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16  DATED:_____ MAY 3 0 2007

17                                             JUDGE OF THE SUPERIOR COURT
                                               WILLIAM H FOLLETT

18

19

20

FILED
MAY 3 0 2007
SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

5-22-7:00 A17
7-81 7:64 22

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 – COVER SHEET
CDCR 837 – A (Rev. 07/05)

| PAGE 1 OF 5 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| | PBP-B08-07-04-0144 | April 12, 2007 | 1855 hours |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | SEG YARD | USE OF FORCE |
|---|---|---|---|---|---|---|
| PBSP | B | ☐ I  ☐ II ☐ III  ☒ IV | B-8 | Rotunda | ☐ ASU  ☐ SHU  ☐ PSU<br>☐ SNY  ☐ PHU  ☐ CTC<br>☒ GP  ☐ RC | ☐ ASU ☐ WA<br>☐ RM | ☒ YES  ☐ NO |

SPECIFIC CRIME / INCIDENT

**BATTERY ON A PEACE OFFICER**

☒ CCR  ☐ PC  ☐ N/A

NUMBER/SUBSECTION:  3005 (c)

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID REQUESTED | PIO/AA NOTIFIED |
|---|---|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO | ☐ YES ☒ NO | ☒ YES ☐ NO |

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION  ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | WEAPON: | WARNING# | EFFECT # | TYPE:  NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD |
| ☐ OTHER | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER |
| | ☒ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM |
| | ☐ KNIFE | | LAUNCHER: | | | STINGER: |
| ☒ N/A | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) |
| ESCAPES | ☐ SPEAR | | ☐ 40 MM | | | EXACT IMPACT |
| | ☐ SLASHING INSTRUMENT:  (TYPE) _____ | | ☐ 40 MM MULTI | | | CTS 4557 |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT:  (TYPE) _____ | | ☐ HFWRS | | | XM 1006 |
| ☐ W/O FORCE | ☐ OTHER: _____ | | FORCE: | | | CHEMICAL: |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID | | ☐ EXPANDABLE BATON | | | ☐ OC |
| | ☐ UNKNOWN LIQUID | | ☒ PHYSICAL FORCE | | | ☐ CN |
| ☒ N/A | ☐ N/A | | ☐ X10 | | | ☐ CS |
| | | | ☐ OTHER: | | | ☐ N/A |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY  LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: _____ | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

**SUSPECTS:** BLOODSAW, P-20045, B8-101L

**VICTIMS:** Officer J. Thom, Officer T. Holmes

| COMPLETE SYNOPSIS / SUMMARY ON PART A1 | | Reviewed By:  Facility Captain M. Foss | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE)<br>R. Tupy | TITLE<br>Lieutenant | ID #<br>N/A | BADGE #<br>55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE)<br>7953 | DATE<br>04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN)<br>ROBERT A. HOREL | | TITLE<br>Warden | DATE |

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**PART A1 – SUPPLEMENT**
CDCR 837 – A1 (07/05)

| PAGE | 2 | OF | 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |

| INSTITUTION Pelican Bay State Prison | FACILITY B | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |

TYPE OF INFORMATION
☒ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1    Reviewed By: Facility Captain M. Foss

| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE Warden | DATE |

Incident number:     PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

BLOODSAW          P-20045          TUPY, R.            Correctional Lieutenant
                                   PEPIOT,A. .          Correctional Sergeant
                                   CHAPMAN,C. .         Correctional Officer
                                   HOLMES,T. .          Correctional Officer
                                   NORTHRUP,L. .        Corrrectional Officer
                                   SILVA,J. .           Correctional Officer
                                   THOM,J. .            Correctional Officer
                                   WADSWORTH,T. .       Correctional Officer
                                   KEYS,J. .            MTA

F 84 20
F 80 25

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART C – STAFF REPORT
CDCR 837-C  (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|---|---|---|---|---|

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Pepiot | A. | L. | 4-12-07 | 1855 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 370376 | Facility B Program Sergeant | 5 Years 06 Months | 4-12-07 | B 8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| F/S | 1400-2200 | Battery on Peace Officer | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | (s) BLOODSAW P-20045 | B8-101L |
| ☒ RESPONDER | (s) C/O T. Holmes | | | |
| ☐ WITNESS | (s) C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | | | | | TYPE: |
| ☐ PHYSICAL | NO: | | NO: | TYPE: | | |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | | ☐ 40 MM | | ☐ CN | |
| **FORCE OBSERVED** | ☐ 38 CAL | | ☐ LB | | ☐ CS | |
| **BY YOU** | ☐ SHOTGUN | | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ OTHER | ☐ YES ☒ NO |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/ O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF A. Pepiot | TITLE Sergeant. | BADGE # 64308 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO   CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

5 172 173 27
4 84    23

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|------|---|----|----|-----|

| NAME: LAST | FIRST | MI |
|------------|-------|-----|
| HOLMES | T. | R. |

| INCIDENT DATE | INCIDENT TIME |
|---------------|---------------|
| 04/12/07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|--------|----------|------------------|----------------|----------------------|
| 371628 | B8 FLOOR OFFICER | 4 Years 5 Months | 04/12/07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|-------|------------|--------------------------------|--------------------|-------|
| S/S | 1400-2200 | BATTERY ON A PEACE OFFICER | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|-----------|------------------------------------------------|---|-----------------------------------------------------------|---|
| ☐ PRIMARY | (S) C/O J. THOM | (S)C/O T. WADSWORTH | (S) BLOODSAW | (P20045, B8-101L) |
| ☒ RESPONDER | (S) C/O L. NORTHRUP | (S) C/O J. SILVA | | |
| ☐ WITNESS | (S) C/O C. CHAPMAN | | | |
| ☐ VICTIM | (S) SGT. A. PEPIOT | | | |
| ☐ CAMERA | | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|-------------------|--------------------------------|---|---|---|-----------------------------|---|
| ☐ WEAPON | | | | | | TYPE: |
| ☒ PHYSICAL | | NO: | | NO: | TYPE: | |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | ☐ OC | |
| ☐ NONE | ☐ 9 MM | | ☐ 40 MM | | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ L8 | | ☐ CS | |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | | ☐ HFWRS | | | |
| ☒ PHYSICAL | ☒ N/A | | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | |
| ☐ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---------------------------|---------------------|----------------------|------------|-----|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|-------------------------|----------------------|--------------------------------------|----------------|----------------------------|
| ☒ YES ☐ NO | SPRAINED RIGHT RING FINGER ☐ N/A | B-FACILITY MEDICAL CLINIC ☐ N/A | ☐ BODILY  ☒ N/A ☐ UNKNOWN ☐ OTHER _____ | ☒ YES ☐ NO |

NARRATIVE:

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

❋ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 66538 | DATE 4/12/07 |
|------------------------------|-----------|---------------|--------------|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pepiot   SGT | DATE RECEIVED 4-12-07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

39. 86-23
86 24 27

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1 – SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|------|---|----|----|----|

| NAME: LAST | FIRST | | MI |
|------------|-------|--|----|

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONEDNEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT TO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP. AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT. THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 66538 | | DATE 4/12/07 |
|------------------------------|-----------|---------------|--|--------------|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pepiot   SGT   Pepiot | DATE RECEIVED 4-12-07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 2

**INCIDENT LOG NUMBER** PBP-08-07-04-0144

| NAME: LAST Northrup | FIRST L | MI W | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

| POST # 371620 | POSITION B-7 floor | YEARS OF SERVICE 4 Years / 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B-8 |

| RDO's S/S | DUTY HOURS 14-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on Peace Officer | CCR SECTION / RULE 3005 (C) | ☐ |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Sgt. A. Pepiot (S) | |
| ☒ RESPONDER | C/o T. Holmes (S) | |
| ☐ WITNESS | C/o J. Thom (S) | |
| ☐ VICTIM | C/o C. Chapman(S) | |
| ☐ CAMERA | C/o T. Wadsworth(S) | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** **TYPE:** | **TYPE:** |
| ☒ PHYSICAL | ☐ MINI-14 | ☐ 37 MM | ☐ OC |
| ☐ CHEMICAL | ☐ 9 MM | ☐ 40 MM | ☐ CN |
| ☐ NONE | ☐ 38 CAL | ☐ L8 | ☐ CS |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ 40 MULTI | ☐ OTHER: |
| ☐ WEAPON | | ☐ HFWRS | |
| ☒ PHYSICAL | ☒ N/A | ☐ BATON | ☒ N/A |
| ☐ CHEMICAL | | | |
| ☐ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN ☐ OTHER: | ☒ NO |

**NARRATIVE:** On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and belligerant while arguing. He began to yell obsenities at C/o thom stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home" As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # 65647 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 4-12-07 | APPROVED ☐YES ☐NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

29+76   28 24
88#  26

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE  2  OF  2

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST
Northrup

FIRST
L

MI
W

TYPE OF INFORMATION:
[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out
the door toward "A" section to ensure he went strait
back to his cell. I began talking to C/o Holmes, still
inside the office, when I heard C/o Thom yell "get down".
I immediately ran out of the office behind C/o Holmes
and observed C/o Thom and Ym Bloodsaw clenched together
struggling. C/o Holmes was in front of me and grabbed
Bloodsaws upper body area and assisted in taking Bloodsaw to
the ground. While on the ground Bloodsaw continued resisting
by kicking his feet up and down and back and forth. C/o
Thom and C/o Holmes were struggling with Bloodsaws upper
body so I grabbed his feet in an attempt to subdue
them. Bloodsaw continued to attempt to kick me so
I placed my full upper body weight on his legs. I
heard C/o Holmes order Bloodsaw to "Cuff up", "Give me
your arm" and continued to struggle before placing
him in handcuffs. As responding staff arrived I
began yelling for someone to get me some leg irons.
C/o C. Chapman then stepped forward and placed Bloodsaw
in leg irons. I then heard Sergeant A. Pediot say "get
him up, take him to the hobby shop". C/o Holmes was on
his left side with C/o Thom on his right side. They
assisted Bloodsaw to his feet when C/o Chapman and
C/o T. Wadsworth took over the escort. They escorted
Bloodsaw out of B-8. this concludes my involvement
in this incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
A.W. [signature]

TITLE
C/o

BADGE #
65647

DATE
4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED    APPROVED    CLARIFICATION NEEDED    DATE

10-85-176
84-177-79

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years / 1 Months | 4·12·07 | B8 - Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| 5/5/H | 0600/1400 | Battery on a Peace Officer | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) C/o T. Holmes | (S) I/m Bloodsaw P20045 |
| ☐ RESPONDER | (S) C/o C. Chapman | |
| ☐ WITNESS | (S) C/o T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | **NO:** | | **NO:** | **TYPE:** | **TYPE:** | |
| ☒ PHYSICAL | ☐ MINI-14 ___ | | ☐ 37 MM ___ | | ☐ OC ___ | |
| ☐ CHEMICAL | ☐ 9 MM ___ | | ☐ 40 MM ___ | | ☐ CN ___ | |
| ☐ NONE | ☐ 38 CAL ___ | | ☐ L8 ___ | | ☐ CS ___ | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN ___ | | ☐ 40 MULTI ___ | | ☐ OTHER: ___ | |
| ☐ WEAPON | | | ☐ HFWRS | | ☒ N/A | |
| ☒ PHYSICAL | ☒ N/A | | ☐ BATON | | | |
| ☐ CHEMICAL | | | | | | |
| ☐ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | Cut on right Hand and left wrist, Pain in right knee | ☐ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ OTHER: | ☒ YES |
| ☐ NO | ☐ N/A | | | ☐ NO |

**NARRATIVE:** On 4·12·07 at approximately 1855 hours Correctional officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/o Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/o Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet befor the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/o | 45669 | 4·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

4.88 27 31
40 17 8 30

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-B08-07-04-014

| NAME: LAST | FIRST | MI |
|---|---|---|
| Thom | James | C |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took a step towards me. I grabbed Bloodsaw by the front of his shirt with my right hand and wrapped my left arm around his upper body pulling ~~down~~ Bloodsaw down with the help of C/o Holmes we placed Bloodsaw on the floor in a prone position. Bloodsaw continued to fight refusing numerous orders to cuff up. I pulled Bloodsaw's right arm behind his back so C/o Holmes could place Bloodsaw in handcuffs. It should be noted that befor the leg irons were placed on Bloodsaw's legs he kicked me in the right knee. C/o's C. Chapman and T. Wadsworth escorted Bloodsaw to the Hobby shop. I was seen by medical staff for injuries to my hands and right knee A 7219 Form was completed. This ends my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/o | 45669 | 4.12.07 |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __2__

| INCIDENT LOG NUMBER |
|---|
| PBP-B08 07-04- 0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J- | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 Control | 4 Years   Months | 4-12-07 | B8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| F/S | 14-2200 | BATTERY ON PEACE OFFICER | 3005-(c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|
| ☐ PRIMARY | (S) J. THOM | (S) C. CHAPMAN | (S) BLOODSAW P-20045 |
| ☐ RESPONDER | (S) T. HOLMES | | |
| ☒ WITNESS | (S) L. NORTHRUP | | |
| ☐ VICTIM | (S) T. WADSWORTH | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | | **NO:** | **NO:**   **TYPE:** | **TYPE:** | |
| ☐ PHYSICAL | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 ___ | ☐ 37 MM ___ | | ☐ OC ___ | |
| ☒ NONE | ☐ 9 MM ___ | ☐ 40 MM ___ | | ☐ CN ___ | |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___ | ☐ LB ___ | | ☐ CS ___ | |
| ☐ WEAPON | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ | | ☐ OTHER: ___ | |
| ☐ PHYSICAL | | ☐ HFWRS ___ | | | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON ___ | | ☒ N/A | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☐ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: ___ | |

**NARRATIVE:**

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT
APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY
INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO
PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANATY (FUCK YOU,
SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES
AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION, OFFICER
THOM WAS COUNSELING BLOODSAW ABOUT BEING DESRESPECTFUL AND
YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING
BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING
"GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND
I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 67266 | 4-12-07 |

| TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

63 88 330 55
79 92 180 28
2

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _2_ OF _2_

INCIDENT LOG NUMBER
PBP-B 08-07-04-0144

NAME: LAST  SILVA    FIRST  J.    MI  B

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW. OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH, HE APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD BY OFFICERS CHAPMAN AND WADSWORTH. THIS CONCLUDED MY INVOLVEMENT WITH THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF    TITLE  C/O    BADGE #  67266    DATE  4-12-07
NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED    APPROVED    CLARIFICATION NEEDED    DATE

7 34 55
34 29

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __1__

| INCIDENT LOG NUMBER |
|---|
| PBP-B08-07-04-014 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371568 | B-5 Control | 4 Years 2 Months | 04-12-07 | BRAVO - 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/O | (S) BLOODSAW    P-20045 |
| ☒ RESPONDER | T. HOLMES C/O | |
| ☐ WITNESS | L. NORTHRUP C/O | |
| ☐ VICTIM | T. WADSWORTH C/O | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** | **TYPE:** | **TYPE:** | |
| ☐ PHYSICAL | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN | |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL | ☐ L8 | | ☐ CS | |
| ☐ WEAPON | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ PHYSICAL | | ☐ HFWRS | | ☒ N/A | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:** ON 04-12-07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8-101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/O T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/O L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/O T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| C/O C. Chapman | C/O | 67045 | 04-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A ___ Sgt / ___ | 4-17-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

855 .94 9% 182-30
35

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __2__

INCIDENT LOG NUMBER
PBP-B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| WADSWORTH | T | P | 4-12-07 | 1855 |

| POST # 37/621 POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|
| 271579 B7 Floor #2 | 12 Years 10 Months | 4-12-07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S | 1400-2200 | BATTERY ON A PEACE OFFICER | 3005 (c) |

YOUR ROLE — WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) — INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)

☐ PRIMARY  (S) J. THOM C/O       (S) BLOODSAW   P-20045
☒ RESPONDER  (S) T. HOLMES C/O     B8-101L
☐ WITNESS  (S) L. NORTHRUP C/O
☐ VICTIM
☐ CAMERA

FORCE USED BY YOU — WEAPONS AND SHOTS FIRED BY YOU — CHEMICAL AGENTS USED BY YOU
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

NO: ☐ MINI-14 ☐ 9 MM ☐ 38 CAL ☐ SHOTGUN
NO: TYPE: ☐ 37 MM ☐ 40 MM ☐ L8 ☐ 40 MULTI ☐ HFWRS ☐ BATON ☒ N/A

CHEMICAL AGENTS: TYPE: ☐ OC ☐ CN ☐ CS ☐ OTHER: ☒ N/A

FORCE OBSERVED BY YOU
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

EVIDENCE COLLECTED BY YOU ☐ YES ☒ NO — EVIDENCE DESCRIPTION ☒ N/A — EVIDENCE DISPOSITION ☒ N/A — BIO HAZARD ☐ YES ☒ NO — PPE ☐ YES ☒ NO

REPORTING STAFF INJURED ☐ YES ☒ NO — DESCRIPTION OF INJURY ☒ N/A — LOCATION TREATED ☒ N/A — FLUID EXPOSURE ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: — SCIF 3301/3067 COMPLETED ☐ YES ☒ NO

NARRATIVE: ON THURSDAY, APRIL 12th 2007 AT APPROXIMATELY 1855 HOURS WHILE WORKING AS B7 FLOOR OFFICER #2, I RESPONDED TO A PERSONEL ALARM IN UNIT B8. AS I ENTERED THE ROTUNDA AREA OF B8, I OBSERVED THREE OFFICERS AND ONE INMATE ON THE FLOOR NEXT TO HOLDING CELL NUMBER TWO. OFFICER J. THOM WAS HOLDING THE UPPER RIGHT LEFT SIDE OF INMATE BLOODSAW P-20045 AGAINST THE FLOOR. OFFICER T. HOLMES WAS HOLDING THE UPPER RIGHT SIDE OF BLOODSAW AGAINST THE FLOOR. OFFICER L. NORTHRUP WAS HOLDING BLOODSAWS LEGS DOWN. I NOTICED THAT BLOODSAW HAD ALREADY BEEN PLACED IN HANDCUFFS, WHEN OFFICER C. CHAPMAN PLACED LEG RESTRAINTS ON BLOODSAW. OFFICER C. CHAPMAN AND MYSELF ESCORTED BLOODSAW OUT OF THE UNIT AND PLACED HIM

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| T. W___ | C/O | 49538 | 4-12-07 |

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE): A. ___ SGT — DATE RECEIVED 4/12/07 — APPROVED ☒ YES ☐ NO — CLARIFICATION NEEDED ☐ YES ☐ NO — DATE

#36 #36
# 45 #55

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR B37-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-BO8-07-04-0144

NAME: LAST
WADSWORTH,

FIRST
T

MI
P

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT   ☐ CLARIFICATION OF REPORT   ☐ ADDITIONAL INFORMATION

NARRATIVE: INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
T. W----

TITLE
C/O

BADGE #
49538

DATE
4-12-07

3037 184 36
9a 76 3½ 37

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | ON THE JOB INJURY | DATE |
|---|---|---|---|---|
| PBSP | B8 | (USE OF FORCE)   INJURY   UNUSUAL OCCURRENCE   PRE AD/SEG ADMISSION | | 4-12-07 |

| | NAME   LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | Kloorean | Theodric | P20045 | B8-101 | |

| | NAME   LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | | | | | |

| | NAME   LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|
| THIS SECTION FOR VISITOR ONLY | | | | | |
| | HOME ADDRESS | CITY | STATE   ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| B8 Rotunda | 4-12-07 - / 1855 | Custody Staff |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL  *(circle)* | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1855 | 1900 | | AMBULATORY   LITTER   WHEELCHAIR   ON SITE | 48 | B | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurt" "My knee hurt"



| INJURIES FOUND? | YES/NO | |
|---|---|---|
| Abrasion/Scratch | | 1 |
| Active Bleeding | | 2 |
| Broken Bone | | 3 |
| Bruise/Discolored Area | | 4 |
| Burn | | 5 |
| Dislocation | | 6 |
| Dried Blood | | (7) |
| Fresh Tattoo | | 8 |
| Cut/Laceration/Slash | | 9 |
| O.C. Spray Area | | 10 |
| Pain | | (11) |
| Protrusion | | 12 |
| Puncture | | 13 |
| Reddened Area | | 14 |
| Skin Flap | | 15 |
| Swollen Area | | 16 |
| Other | | 17 |
| | | 18 |
| | | 19 |

| O.C. SPRAY EXPOSURE? | YES / (NO) |
|---|---|
| DECONTAMINATED? | ~~YES~~ / (NO) |
| Self-decontamination instructions given? | ~~YES~~ / (NO) |
| Refused decontamination? | ~~YES~~ / (NO) |
| Q 15 min. checks | N / A |
| Staff issued exposure packet? | YES / (NO) |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Bales RN/1920 | N/A |

| TIME/DISPOSITION | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|
| 2010 / Returned to cell from CTC, (Non-CCCMS patient) | J. Kerr / [signature] MTA | 71765 | M/T |

(Medical data is to be included in progress note or emergency care record filed in UHR)

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

CCCMS-NO  GP        DEPARTMENT OF CORRECTIONS

| DISTRIBUTION:<br>WHITE - CENTRAL FILE<br>BLUE - INMATE (2ND COPY)<br>GREEN - ASU | CANARY - WARDEN<br>PINK - HEALTH CARE MGR<br>GOLDENROD - INMATE (1ST COPY) |
|---|---|

INMATE'S NAME

**BLOODSAW**

CDC NUMBER
**P-20045**

### REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, April 12, 2007, a decision was made to place you in the Administrative Segregation Unit (AD-SEG) The reason for your placement is while housed on Facility B you were charged with Battery on a Peace Officer. Specifically, you battered Correctional Officer J. Thom. Due to the lack of bed space in ( AD-SEG) you will be confined to quarters until bed space is available. You were not placed into ( AD-SEG) until ___4.13.07___ You will remain in the Administrative Segregation Unit pending adjudication of a Rules Violation Report (RVR) for Battery on a Peace Officer.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT<br>4-13-07 | SEGREGATION AUTHORITY'S PRINTED NAME<br>R TUPY | SIGNATURE | TITLE<br>LIEUTENANT |
|---|---|---|---|
| DATE NOTICE SERVED<br>4-13-07 | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE<br>J. Mozukk  C/O | SIGNATURE | STAFF'S TITLE<br>C/O |
| [X] INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER |

### ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

**STAFF ASSISTANT (SA)**                    **INVESTIGATIVE EMPLOYEE (IE)**

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY    [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE    [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS    [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED    [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

[ ] NOT ASSIGNED    Any "NO" may require IE assignment

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

State of California

# Memorandum

Date  :  June 7, 2007

# DA ACCEPTED

To  :  M. D. Yax
       Associate Warden
       Central Services

From  :  Department of Corrections and Rehabilitation
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the
California Penal Code Section:

     **69**        **Resisting or Deterring an Officer**

     **4501.5**     **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for
possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State
Prison that their office issued a complaint charging the above named inmate with the following
violation of the Penal Code Section:

     **COUNT I    4501.5 Battery Upon a Person not a Prisoner**

     **COUNT II  69**     **Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
     Facility S&E
     Records
     Inmate
     CLO File

State of California

# Memorandum

Date  : November 6, 2007

### DA DISMISS
(AND DETAINER REMOVAL)

To  : M. D. Yax
Associate Warden
Central Services

From  : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject  : **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the
California Penal Code Section:

    **69**        **Resisting or Deterring an Officer**
    **4501.5**    **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible
prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State
Prison that their office issued a complaint charging the above named inmate with the following
violation of the Penal Code Section:

    **COUNT I   4501.5 Battery Upon a Person not a Prisoner**
    **COUNT II  69   Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on
October 26, 2007, the case was dismissed by the court, and the above named inmate will not be
held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the
Detainer placed by this office. Any pending disciplinary action should be completed and a
closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at
extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Security Squad
Inmate
OTC Desk
CLO File

# EXHIBIT



CHASER Pre Extracted Civil Docket as of February 27, 2003 9:25 pm
TERMED TRANSF

# U.S. District Court

| * Parties * | * Attorneys * |
|---|---|
| U.S. District for the Northern D<br>CIVIL DOCKET FOR C | strict of California (San Jose)<br>SE #: 00-CV-20505 |
| Bloodsaw v. Woodford Filed: 04/24/00<br>Assigned to: Judge Jeremy Fogel<br>Demand: $0,000 Nature of Suit: 530<br>Lead Docket: None Jurisdiction: Federal Question<br>Dkt# in other court: None | |
| Cause: 28:2254 Petition for Writ | of Habeas Corpus (State) |
| THEOPRIC KENT BLOODSAW<br>Plaintiff | Theopric Kent Bloodsaw<br>[COR LD NTC] [PRO SE]<br>Booking No. 7475221<br>BKS No. F1,7000 Dorm C-7196<br>441 Bauchet Street<br>Los Angeles, CA 90012 |
| v. | |
| J.S. WOODFORD, Warden<br>defendant | |

## Docket Proceedings

| Date | Doc # | Docket Entry |
|---|---|---|
| 04/24/00 | 1 | PETITION FOR WRIT OF HABEAS CORPUS (no process) Fee status ifpp entered on 4/24/00 () ; [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 04/24/00 | 1 | IN FORMA PAUPERIS AFFIDAVIT by Plaintiff Theopric Kent Bloodsaw for leave to proceed in forma pauperis [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 05/02/00 | 2 | DECLINATION to proceed before magistrate by Plaintiff Theopric Kent Bloodsaw [3:00-cv-01398] (ga) [Entry date 05/04/00] |
| 05/03/00 | 3 | ORDER by Mag. Judge Maria-Elena James of impending reassignment to a United States District Judge () (cc: all counsel) [3:00-cv-01398] (ga) [Entry date 05/05/00] |
| 05/10/00 | 4 | ORDER by Assignment Committee Case reassigned to Judge Jeremy Fogel referred to Judge Jeremy Fogel the affidavit motion for leave to proceed in forma pauperis [1-1] () (cc: all counsel) [3:00-cv-01398] (ga) |
| | | |

| 05/18/00 | 5 | ORDER by Judge Jeremy Fogel to transfer case to Dist of: Central District of California ; appeal filing ddl 6/26/00 ( Date Entered: 5/25/00) (cc: all counsel) [5:00-cv-20505] (gm) [Entry date 05/25/00] |
| 06/09/00 | 6 | RECEIPT from Central District of California [5:00-cv-20505] (gm) [Entry date 06/13/00] |
| 06/20/00 | 7 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) [Entry date 06/22/00] |
| 02/27/03 | 8 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) |
| [END OF DOCKET: 5:00cv20505] | | |



HABEAS, CLOSED, TRANSF

# U.S. District Court
## California Northern District (San Jose)
### CIVIL DOCKET FOR CASE #: 5:04-cv-00752-JF
#### Internal Use Only

Bloodsaw v. Woodford et al
Assigned to: Hon. Jeremy Fogel
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/23/04
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

Theopric K. Bloodsaw                 represented by   **Theopric K. Bloodsaw**
P20045
D4-CELL-106
California State - LAC
44750 60th St. West
Lancaster, CA 93536-7619
PRO SE

V.

**Defendant**

J. S. Woodford

N. Grannis

CAND-ECF - Docket Report                                    https://ecf.cand.circ9.dcn/cgi-bin/DktRpt.pl?7499790763580086-L_795_

47

| Filing Date | # | Docket Text |
|---|---|---|
| 02/23/2004 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ IFPP) Filed by Theopric K. Bloodsaw. (lrd. COURT STAFF) (Filed on 2/23/2004) (Entered: 02/27/2004) |
| 02/23/2004 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Theopric K. Bloodsaw. (gm. COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 02/23/2004 | 3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (gm. COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 03/04/2004 | 4 | ORDER TRANSFERRING CASE to Central District of California. Signed by Judge Jeremy Fogel on 3/4/2004. (gm. COURT STAFF) (Filed on 3/4/2004) (Entered: 03/05/2004) |

1

2

3    Filed

    MAR - 4 2004

4    RICHARD W. WIEKING
    CLERK, U.S. DISTRICT COURT
5    NORTHERN DISTRICT OF CALIFORNIA
    SAN JOSE

6

7

8

9                        NOT FOR CITATION

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13   THEOPRIC K. BLOODSAW,            )    No. C 04-0752 JF (PR)
                                      )
14                   Plaintiff,       )    ORDER OF TRANSFER
                                      )
15         vs.                        )
                                      )
16   J.S. WOODFORD, et al.,           )
                                      )
17                   Defendants.      )
                                      )
     _____)    (Doc # 2)
18

19

20         This is a civil rights case brought pro se by a state prisoner. Plaintiff is currently

21   incarcerated at California State Prison - Los Angeles County located in Lancaster,

22   California. Plaintiff claims he is incarcerated illegally by the California Department of

23   Corrections. Plaintiff was convicted in Los Angeles County in 1997. The Court

24   construes Plaintiff's complaint as a petition for a writ of habeas corpus, challenging the

25   legality of his conviction and sentence. Therefore, the instant case will be transferred to

26   the Central District of California, the location of Plaintiff's conviction and his

27   confinement. This case is therefore TRANSFERRED to the United States District Court

28   for the Central District of California. See 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

1    In view of the transfer, the Court will not rule on Plaintiff pending motion for leave to

2    proceed in forma pauperis (doc # 2). The Clerk shall terminate all pending motions and

3    transfer the entire file to the Central District of California.

4         IT IS SO ORDERED.

5    DATED: _____

            JEREMY FOGEL
6            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

$50

1 | This is to certify that on _____3-4-04_____, a copy of this ruling
was mailed to the following:

2

3 | Theopric K. Bloodsaw
P-20045
4 | CSP - Los Angeles
44570 60th
5 | Street West
Lancaster, CA 93536-7619

6

7

8

9

10

11

12

13,

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

48.51
50
#

# DEPUTY DAILY WORKSHEET          11/28/02 0111

STATION: LNX

UNIT: 31A    SHIFT: D   DATE: 11/08/02    0600 - 1400      CLASS: 2     TYPE: P

# 470671 SATO BRADLEY J                    O/T:          O/T PA:
# 260296 HOODYE SEAN C                     O/T:
VEH: SD2337    MILES: ( 39824 -> 39845 ) :  21        MOBILE: 15793
SPEC EQP: SG 9 TAZER 4

PORTABLES: 18472                    18473

ARRESTS /FEL-MA:       FA:      MJ:      FJ:      CITS/HZ:      NHZ:      PKG:
         /MSD-MA:       FA:      MJ:      FJ:

PATROL AREA/TIME: 06/252

TIME-SHIFT: 480    TT: 9    HDL: 209    WRT: 0      PTL: 252    UNALLOC: 10     RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0037 | 924B | 0543 |     | 0600? | 0600? | 0700? | 0370 |   | O | R |    | 60 |     |     |

LOC: VEH PREP/BRIEF
CLR: 754  STATION SERVICE: Briefing

| 0056 | 931 | 0715 | 0718 | 0745 | 0745 | 0747 | 0371 |   | C | P |   | 2 |   |   |

LOC: 1358 97TH ST,LA
CLR: 772  Assist CHP
NARR: CHP ON SCENE CODE 4

| 0067 | 927H | 0817 | 0817 | 0821 | 0823 | 0831 | 0373 | 9 |   | P | 2 | 8 |   |   |

LOC: 10910 WILTON PL,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT WANDA FB/A RE: 927H ...NO 927H C-4..

| 0068 | 902R | 0849 | 0849 | 0849 | 0856 | 0915? | 0373 | 9 | E |   | 7 | 19 |   |   |

LOC: 2041 CULLIVAN ST,LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT VERCIL FB/A RE: JAMES MARTIN NOT BREATHING. STA 14 ARRVD @TREATED JAMES PRNCD DEAD
    AT 0833HRS JAMES SUFFRED FRM CHRONIC EMPHASYMA.

| 0126 | 925 | 1157 |   | 1150? | 1200? | 1400? | 0372 |   | O | R |   | 120 |   |   |

LOC: CENTURYBL/LA SALLE AV,LA
CLR: 283  WARRANTS: Felony, In County
NARR: CONT THEO MB/A WAS COMBATIVE AGAINST US.CENTURY @ LASALLE STA 814 ARRVD TREATED THEO WE
    WENT TO CENTINELA HOSP FOR INJURIES...

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT · LENNOX STATION 11/28/02

TITLE - NAME        EMPLOYEE NUMBER

*44·47*

*14*

*2*

Report Date: 11/28/02                    UNIT HISTORY REPORT                    Page 1 of 2
                                              LENNOX


    Unit: 31A          Shift: 2       Shift Date: 11/08/02
    /0542* LOGON () ,X,,31A,D,110802,Y,2,0600,1400,470671,,,260296,,,39824,,SD2337,SG 9 TAZER
    4,15793,18472,18473,,,,,,,,,,,,,,,,, <000>
    /0542* MDTON (470671) MDT01639 <000>

    /0543* ** ASSIGN/D (470671) LNX02312-0037 R/924B VEH PREP/BRIEF <000>

    /0543* 10/97 (470671) LNX02312-0037 <000>

    /0711* 10/98 (470671) LNX02312-0037 <000>

    /0711* CLEAR (470671) ,LNX02312-
    0037,,754,,,,,,,,,,0370,,0600,0600,0700,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
    /0715  ** ASSIGN/D (475469) LNX02312-0056 R/931 1358 97TH ST,LA

    /0718* ACK (470671) LNX02312-0056 <000>

    /0745* ENR (470671) LNX02312-0056 <000>

    /0745* 10/97 (470671) LNX02312-0056 <000>

    /0747* 10/98 (470671) LNX02312-0056 <000>

    /0748* CLEAR (470671) ,LNX02312-0056,,772,,,,,,CHP ON SCENE CODE
    4,,,,,0371,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
    /0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>

    /0759* INQ (470671) VEH,2EPW323,CA,,,,,,,, <000>

    /0800* INQ (470671) WANT9,,CA,HAVEN,DENNIS,,,,,,M,B,,,,,042371,,,,,,,,,,,, <000>
    /0800  HIT () IW S 470671 MDT0  ,CA0190099 ,HAVEN DENNIS  , M B  ,000 000 042371 000 CA ,
    00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N HAVEN DENNIS VANBURE  ,M B 122371 600
    240 BLK BRO ,LAM4 090502 $1174 ,1611 N SCHAR ST HOLLYWOOD CA ,617471219420 RSTR A3887553
    CA ,W M 40508A/VC M ,4000A1X/VC I * ,4RWL898 CA  ,  ,
    /0802  ACK (297076) HIT

    /0813* INQ (470671) WANT9,,CA,BERRY,MARCUS,ANTJUAN,,,,,M,B,,,,,033181,,,,,,,,,,, <000>
    /0813  HIT () MKE/WANTED PERSON NAM/BERRY,RANDELL LARRY SEX/M RAC/B DOB/19820331 WGT/150
    EYE/BRO HAI/BLK OLN/B600730488254 OLS/MI  OFF/DANGEROUS DRUGS
    /0813  ACK (195863) HIT

    /0815  INQ (195863) VEH,31A,,,,,,CA,,1FALP45XXTF145561,,,,,,,,,,,X

    /0815  ACK (195863) RESP

    /0816  ACK (195863) RESP

    /0817  ** ASSIGN/B (475469) LNX02312-0067 P/927H 10910 WILTON PL,LA

    /0817* ACK (470671) LNX02312-0067 <000>

    /0821* ENR (470671) LNX02312-0067 <000>

    /0823* 10/97 (470671) LNX02312-0067 <000>

    /0831* 10/98 (470671) LNX02312-0067 <000>

    /0842* INQ (470671) VEH,,CA,,,,,1FMZU32EXWZA29284,,,,X <000>

    /0849  ** ASSIST/B (475469) LNX02312-0068 E/902R 2041 CULLIVAN ST,LA

    /0849  CHGHDL (475469) LNX02312-0068,31D/D->31A/D

    /0849  ACK (409547) LNX02312-0068

    /0849* ENR (470671) LNX02312-0068 <000>

    /0856* 10/97 (470671) LNX02312-0068 <000>

    /0923* INQ (470671) VEH,2HMB760,CA,,,,,,,, <000>

    /0927* INQ (470671) WANT9,,CA,BLOGSHAW,FLOYD,LEE,,,,,,M,B,,,,,062458,,,,,,,,,,, <000>

    /0928* INQ (470671) WANT9,,CA,BLOODSHAW,FLOYD,LEE,,,,,M,B,,,,,062458,,,,,,,,,,, <000>
    /0929  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
    DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
    /0929  ACK (277125) HIT

    /1024* INQ (470671) WANT9,,CA,BLOODSHAW,THEOPRIC,,,,,M,B,,,,,062457,,,,,,,,,,, <000>
    /1024  HIT () IW S 470671 MDT0  ,CA0190099 ,BLOODSHAW THEOPRIC  , M B  ,000 000 062457
    000 CA , 00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N BLEDSOE WILLIAM T JR  ,M X

50·   48
52
13

Report Date: 11/28/02                 UNIT HISTORY REPORT                 Page 2 of 2
                                            LENNOX


Unit: 31A          Shift: 2          Shift Date: 11/08/02

010454 511 195 BRO BRO ,COM4 082602 $277 ,2358 R 21ST ST SGH CA  ,SD10539619800 RSTR
B0306426 CA ,W M 8537/PC M ,640B1/PC M  ,PED CA  ,  ,
/1024  HIT () SEARCH REVEALS: HIT MADE ON NAM/BLOODSHAW,THEOPRIC KENT ** ARMED AND
DANGEROUS **  **ARMED AND DANGEROUS** FELONY WARRANT 5011 PAROLE VIOL
NAM/BLOODSHAW,THEOPRIC KENT 19570624 M B 506 150 BLK BRO POB/LA BAIL/NO BAIL
FCN/7040224901563  NIC/W883192088 ENTERED/CALIF-NCIC  CII/A08953256  FBI/496721PA9
                   IMMEDIATELY CONFIRM WITH CA034035G DEPT OF CORR-
ID/WARRANTS MNE/CRN0   TELEPHONE 916 445-6713    CHECKING NCIC   INQUIRY MADE TO
RESTRAINING ORDER SYSTEM
/1024  HIT () HIT MADE ON NAM/BLOODSHAW,THEOPRIC K HIT # 001 DO NOT ARREST OR DETAIN BASED
    SOLELY ON THIS RESPONSE CDC PAROLE RECORD NAM/BLOODSHAW,THEOPRIC K 19580624 M B 506 150
BRO BLK    OLN/N9672705 HOME CITY/LOS ANGELES PRIMARY OFFENSE/H11350A DISCHARGE
DATE/99999999 AGENCY/CA DEPT OF CORRECTIONS MISC/PRIOR TO RELEASE, CONTACT AGEN T OR ID
WARRANTS AT (916)445-6713 P OSSIBLY AT LARGE MAY BE ADDITIONAL INFO FROM DOJ VCIN AT 916
227-4736 NUMBER OF PRIOR CONTACT MSGS/ 0 SEND CONTACT MESSAGE IDENTIFYING CO
/1024  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/1025  ACK (277125) HIT
/1025  ACK (277125) HIT
/1025  ACK (277125) HIT
/1156* URN REQUEST (470671) X,4,0399,053,CR,S,BLOODSHAW,THEOPRIC,KENT,,M,B,,, <000>
/1157  URN () 402-11595-0399-053
/1157* ** ASSIGN/D (470671) LNX02312-0126 R/925 CENTURYBL/LA SALLE AV,LA <000>
/1157* HOLD (470671) LNX02312-0068 <000>
/1157* 10/97 (470671) LNX02312-0126 <000>
/1157* 10/15 (470671) <000>
/1433* 10/98 (470671) LNX02312-0068 <000>
/1433* CLEAR (470671) ,LNX02312-0068,,212,,,,,,CONT VERCIL FB/A RE: JAMES M,ARTIN NOT
BREATHING. STA 14 ARRV,D @TREATED JAMES PRNCD DEAD AT 0,833HRS JAMES SUFFRED FRM
CHRONIC,EMPHASYMA.,0373,,,,0915,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1435* CLEAR (470671) ,LNX02312-0067,,212,,,,,,CONT WANDA FB/A RE: 927H ...,NO 927H C-
4..,,,,0373,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1440* 10/98 (470671) LNX02312-0126 <000>
/1440* CLEAR (470671) ,LNX02312-0126,,283,,,,,,CONT THEO MB/A WAS COMBATIVE,AGAINST
US.CENTURY @ LASALLE ST,A 814 ARRVD TREATED THEO WE WENT,TO CENTINELA HOSP FOR
INJURIES.,,,,0372,00,,1150,1200,1400,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1442* CHGENDMILES (470671) 000000 -> 39845 <000>
/1442* CHGPATROL (470671) /000 -> 06/252 <000>
/1442* LOGOFF (470671) <000>
/1442* MDTOFF (470671) <000>

*54 ##*
*53*

*Discovery 2*

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER YA053506, CONSISTS OF 3 COUNT(S).

Executed at INGLEWOOD, County of Los Angeles, on November 13, 2002.

_____

DECLARANT AND COMPLAINANT

..................................................................................................................................................

STEVE COOLEY,  DISTRICT ATTORNEY

BY: _____
    VICTORIA L. ADAMS, DEPUTY

AGENCY:  LASD - LENNOX        I/O: MARK DET.        ID NO.: 274578    PHONE : 310-671-7531
         PATROL                    RENFROW
DR NO.:  402-11595-0399-053   OPERATOR: DCS         PRELIM. TIME EST.:  2 HOUR(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY RTN DATE |
|---|---|---|---|---|---|
| BLOODSAW, THEOPRIC KENT | 008953256 | 6/24/1957 | 7475221 | $220,000 | 11/13/2002 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.



## FELONY COMPLAINT – ORDER HOLDING TO ANSWER – P.C. SECTION 872

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

THEOPRIC KENT BLOODSAW

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | | |
| 2 | PC 243(c)(2) | 16-2-3 | | |
| 3 | PC 422 | 16-2-3 | | |
| | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | PC 667(a)(1) | +5 yrs per prior |
| | | | PC 667.5(b) | +1 yr. per prior |

I order that the defendant(s) be held to answer therefor and be admitted to bail in the sum of:

THEOPRIC KENT BLOODSAW          _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given. Date of arraignment in Superior Court will be:

THEOPRIC KENT BLOODSAW          _____ in Dept _____

at: _____ A.M.

Date: _____          _____
                              *Committing Magistrate*

HG #52
## #54 57
56

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><div align="right">Plaintiff,</div><br>v.<br><br>01 THEOPRIC KENT BLOODSAW (6/24/1952) (Bk# 7475221),<br>    aka JONATHON BLEDSOE,<br>    aka KENT THEOPRIC,<br>    aka LARRY BOWMAN,<br>    aka MARK BLOODSAW,<br>    aka THEO BLOODSAW,<br>    aka THEOPRIC BLOODSHAW,<br>    aka THEOPRIC BLOODSOE<br><div align="right">Defendant(s).</div> | CASE NO. YA053506<br><br>*INFORMATION*<br><br>Arraignment Hearing<br>Date: 12/18/2002<br>Department: SW  G |

## INFORMATION
## SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667(a)(1)<br>PC 667.5(b) | MSP Check Code<br>+5 yrs per prior<br>+1 yr. per prior |
| 2 | PC 243(c)(2) | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667(a)(1)<br>PC 667.5(b) | MSP Check Code<br>+5 yrs per prior<br>+1 yr. per prior |
| 3 | PC 422 | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667.5(b) | MSP Check Code<br>+1 yr. per prior |

The District Attorney of the County of Los Angeles, by this Information alleges that:



COUNT 1

On or about November 8, 2002, in the County of Los Angeles, the crime of ASSAULT UPON

PEACE OFFICER OR FIREFIGHTER, in violation of PENAL CODE SECTION 245(c), a Felony, was

committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully commit an assault with

a deadly weapon and instrument and by force likely to produce great bodily injury upon the person of

DEP. SEAN HOODYE when said defendant(s), THEOPRIC KENT BLOODSAW knew and should have

known that said person was a peace officer then and there engaged in the performance of his/her duties .

"NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

"NOTICE: Conviction of this offense will require you to provide specimens and samples pursuant to Penal

Code section 296. Willful refusal to provide the specimens and samples is a crime."

\* \* \* \* \*

COUNT 2

On or about November 8, 2002, in the County of Los Angeles, the crime of BATTERY WITH

INJURY ON A PEACE OFFICER, in violation of PENAL CODE SECTION 243(c)(2), a Felony, was

committed by THEOPRIC KENT BLOODSAW, who did unlawfully use force and violence and inflict an

injury upon the person of DEP. BRAD SATO when said defendant(s), THEOPRIC KENT BLOODSAW

knew and reasonably should have known that said person was a peace officer then and there engaged in

the performance of duty.

"NOTICE: Conviction of this offense will require you to provide specimens and samples pursuant to Penal

Code section 296. Willful refusal to provide the specimens and samples is a crime."

\* \* \* \* \*



COUNT 3


On or about November 8, 2002, in the County of Los Angeles, the crime of CRIMINAL THREATS, in violation of PENAL CODE SECTION 422, a Felony, was committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully threaten to commit a crime which would result in death and great bodily injury to DEP. SEAN HOODYE, with the specific intent that the statement be taken as a threat.    It is further alleged that the threatened crime, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate and specific as to convey to DEP. SEAN HOODYE a gravity of purpose and an immediate prospect of execution.    It is further alleged that the said DEP. SEAN HOODYE was reasonably in sustained fear of his/her safety and the safety of his/her immediate family.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."


It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and 667(b) through (i) as to count(s) 1, 2, and 3 that said defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |


It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).


It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

14 -17
52 -59
# 60

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|-------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

THIS INFORMATION CONSISTS OF 3 COUNT(S).

STEVE COOLEY
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____
LAURIE BLAUSTEIN
DEPUTY DISTRICT ATTORNEY

Filed in Superior Court,
County of Los Angeles

/DCS

DATED: _____

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

```
6.50  #5-560  61
LEGAL STATUS SUMMARY  TYPE-  D    PSP    ** DISCREPANT  03/0V/2005 21:40
```

INMATE'S COPY

| CDC NUMBER | NAME | | ETHNIC | BIRTHDATE |
|---|---|---|---|---|
| P20045 | BLOODSAW,THEOPRIC,KENT | | BLA | 06/24/1958 |

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
|---|---|---|---|---|
| 06/11/2003 | 11/27/2023 | 11/24/2019 | 11/27/2023 cx | 11/24/2019 cx |

```
                                              PAROLE PERIOD
BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM  21/04    3 YRS
```

```
PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT
```

| CASE | P2900-5 | | | | | P4019 | P2931 POST-SENT | TOT |
|---|---|---|---|---|---|---|---|---|
| YA053506 | 185 | | | | | 92 | 28 | 305 |

```
REGISTRATION REQUIRED PER H11590
PC296 DNA COMPLETED
```

| RECV DT/ COUNTY/ | CASE | SENTENCE DATE | CREDIT | OFFENSE |
|---|---|---|---|---|
| CNT | OFF-CODE | DESCRIPTION | CODE | DATE |

CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

```
--CONTROLLING CASE --
6/11/2003  LA    YA053506    5/13/2003  NO STRIKES: 2
                 01 P667.5(B) PPT-NV                        3
                 01 P667(A)    01 PFC SERIOUS               3
  01 P245(C)   ADW ON PO OR FIREMAN                         3    11/08/2002
               (U)WPN
  02 P243(C)(2) BATT ON PO                          CS      3    11/08/2002
               (U)WPN
  03 P422      TERRORIST THREAT                      CS      3    11/08/2002
  04 P203      MAYHEM                               CS      3    11/08/2002
               ATT
  05 P203      MAYHEM                               CS      3    11/08/2002
               ATT
```

```
NON-CONTROLLING OFFENSES:
11/24/1998  LA    YA034031    11/16/1998
  01 H11350A   POSS CONTROL/SUB                             1    08/15/1997
               PR
```

| TRAN | | | | RULE | D A Y S | | | |
|---|---|---|---|---|---|---|---|---|
| TYPE | DATE | END DATE | LOG NUMBER | NUMBER | ASSESS | LOST | REST | DEAD |

```
BEG 11/24/1998          ******BEG BAL*******
ADD 06/11/2003          YA053506
BCL 10/23/2003          IV3100472 3062(H)       30    30
ADD 06/11/2003          YA053506
    CURRENT PC BALANCE:      0         CURRENT BC BALANCE:    1464
```

```
            ****** CONTINUED *******
```

| CDC NUMBER | NAME |
|---|---|
| P20045 | BLOODSAW, THEOPRIC, KENT |

INMATE'S COPY

DEPARTMENT OF CORRECTIONS
GRAY DAVIS, Governor

CALIFORNIA MEN'S COLONY
SAN LUIS OBISPO, CA 93409



HEALTH INFORMATION SERVICES
CALIFORNIA MEN'S COLONY
P O BOX 8101
SAN LUIS OBISPO  CA  93409-8101

TO: *Theoprie K. Bloodsaw*
*SS# 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*

RE:   NAME: *Theoprie K. Bloodsaw*
CDC#: *E 40947 – archives 2-12-96*
SSN#: *P 20045 – Reg II 8-9-02*
DOB: *6-24-58*
*6-24-58*

Receipt of a request for medical information on the above patient is acknowledged. Any items checked below are applicable to this request:

1. _____ The above-named inmate is no longer housed at this institution. He is currently at _____

_____

2. _____ The above-named inmate's medical records have been sent to his paroling region:

_____ Region I, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742. *See P*

_____ Region II, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742, *See P*

✕ Region III, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

_____ Region IV, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

_____ California Correctional Facility, Aeorjet Campus, 2015 Aerojet Rd, Rancho Cordova, CA, 95742. , *See E*

3. ✕ The inmate has been discharged from the Department of Corrections. His records are stored in our Archives Unit. Their address is:

California Department of Corrections
Departmental Archives Unit
Aeorjet Campus
2015 Aerojet Rd   *See O*
Rancho Cordova  CA  95742

Your request has been forwarded to the inmate's current institution, paroling region offices or Archives Unit. For future reference, make note of the address checked above and send all further inquiries to that institution.

Sincerely,

*Mr. Bloodsaw, under cdc # E 40947 your records were sent to archives when you were discharged from parole in 2-96. Under cdc# P 20045 your records were forwarded to your parole region III. I have forwarded your request to both places so that you will receive records for them both.*

Health Information Services,
Correspondence

*Theoni, HST I*

medcorre.doc:rb:98



STATE OF CALIFORNIA

CDCR 128G (Rev. 12/91)

NO: P-20045          NAME: BLOODSAW, Theopric          HSG: A2-109L

Custody: CLO BS          CS: 87 (IV)          C/C EFF 8/3/05          Assignment: U/A

RelDate: EPRD 12/24/19          Reclass: 6/2006          Action: AFFIX "S" SUFFIX; RETAIN C/C

3  59  64

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.** As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C. Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05.** S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up, I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON: D. SWEARINGEN/FC(A)          S. WALCH/CCII(A)          RECORDER: M. THORNTON/CCI

CC: ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER _____

Committee Date: 10/18/05          (THORNTON/jw)          Classification          FAC-A  UCC/REVIEW

☒128-C2 in C-file
Inst: PBSP

*orig.*

STATE OF CALIFORNIA

NO: P-20045

NAME: BLOODSAW, Theopric

Custody: CLO BS     CS: 93 (IV)

RelDate: EPRD 12/24/2019

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

Housing:    B8-209
Assignment: VUN

C/C Eff. 07/14/04
Reclass: 10/25/06

**Action:    PLACE IN BMU PROGRAM FOR 90 DAYS, ON STEP 1 OF ITP FOR 30 DAYS. CONTINUE C/C EFFECTIVE 07/14/06.**

Inmate Bloodsaw appeared before PBSP FAC B BMU UCC on this date for Annual/Initial Review. Committee notes CDC 128C, Madrid Exclusionary chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee, Correctional Counselor I Webster was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: most current RGPL under 4.0. Committee notes S has an RGPL of 3.3. Effective communication was achieved using short sentences and simple English, and S appeared to understand. Committee notes S's reason for Behavior Modification Unit (BMU) placement is due to: S was deemed a program failure defined by the CCR, Title 15, Section 3000. S is determined to be compatible with another inmate and refuses to voluntarily double cell, or refuses to participate in the racial integration policy as defined in the Johnson v. State of California settlement agreement. UCC notes latest RVR dated 03/28/05 for Refusal to Obey Orders (refused a cellmate). The Director's rules, PBSP expectations, and specific privileges and non-comply privileges of WG/PG C/C were thoroughly explained. Grooming standards and PBSP expectations were discussed and S stated he was willing to comply. Committee notes S has one new 115 this review period; fro Refusal to Obey Orders dated 02/23/06 (S refused to return to his assigned cell). Placement score is increased by 2 points to a current Level IV score of 93 points. Mandatory score of 19 is noted for VIO. S was advised to notify staff immediately of any enemy situation which may arise. Committee noted S has no celimate, and the "S" suffix has previously been applied. S is approved for 270 design facilities. There have been changes in S's commitment case factors since Initial Classification chrono dated 03/02/04. **Committee acts to place S into the BMU program for 90 days and place on step # 1 of Individual Treatment Plan (ITP) for 30 days. S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. Continue WG/PG C/C status effective 07/14/06, and continue at CLO BS custody. Committee also acts to retain "S" suffix due to UCC action dated 10/18/05. UCC notes S is reviewed and cleared for double celling although he refused to double cell.** S participated, acknowledged understanding, and disagreed with Committee action, stating "I won't take a cellie because of legal work and medical issues. I am here illegally. I am disabled, I have spine issues." UCC stated single cell status is not a ADA issue. S continued stating, "There is nothing wrong with me. I know what I am doing, but I am disabled. I could not care about the US." UCC stated you have to appeal to the courts. S lastly stated "I have been discriminated against as a Black man." UCC notes S walked unassisted to UCC, sat upright, straddling a chair, and did not grimace when he stood back up to exit the Committee room. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 2930. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal. The inmate has been advised that any appeal of this committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128-G classification chrono or not. Next scheduled Committee will be on 10/25/06 for Program Review.

CHAIRPERSON:    M. FOSS/AC          J. ROBERTSON/CCII          S. ROBERTS/EDUCATION          RECORDER: D. MELTON /CCI

☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐ OTHER

Committee Date:   09/21/06        (MELTON/ew)        Classification        FAC-B BMU UCC        INITIAL REVIEW        Inst: PBSP

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

NO: P-20045
Custody: CLO B
RelDate: EPRD 12/24/2019

NAME: BLOODSAW, Theopric
CS: 93 (IV)          C/C EFF: 07/14/04
                     Reclass: 01/31/07

BED/CELL: B8 –209
Assignment: BMU
Action:  REAFFIRM BMU PLACEMENT. RETAIN STEP # 1 OF ITP FOR 30 DAYS.   CONTINUE WG/PG   C/C   EFFECTIVE   07/14/04. D/C CLEAR.

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has RGPL of 3.3. Committee notes S has RGPL of 3.5. Prior to Committee Correctional Officer Thom was assigned as staff assistant and was present during Committee.  The staff assistant was assigned for the following reason:  S's current RGPL is 4.0 or less. Effective communication was achieved using short sentences and simple English, and S appeared to understand.  S was advised to notify staff immediately of any enemy situation that may arise.  Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed.  S can be housed with Black ethnic groups. Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to accept a cellie.  S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points.  S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15, Section, 3000.** Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU classes during this 30 day period.  S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2. **Step # 1 Privileges include, but are not limited to:**

❖  WG/PG C/C status.

❖  Emergency telephone call only.

❖  One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

❖  A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group activities as limited by physical design and local institution security and facility needs.

❖  Non-contact visits, if eligible; and with approved visitors only.

❖  If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days.  Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.  S was reviewed and cleared for double celling, noting no history of in-cell violence.** S participated in Committee, acknowledged understanding, and disagreed with Committee action, stating "I am nobody's child.  I am 48 years old.  I'm not going to the classes; I have a choice not to go!" S has been advised that he must remain disciplinary free and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the general population (GP).  S's case will be reviewed by UCC, in approximately 30 days for future program modifications.  S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 has been complied with.  S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not.  Next scheduled 30 day Program Review will be on 01/31/07. Next scheduled Annual Review will be in 06/07.

CHAIRPERSON: J. ROBERTSON/FC (A)       J. BROWMAN/CCII (A)       S. ROBERTS/EDUCATION       RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER_____

Committee Date: 01/03/07     (MELTON/ew)   Classification       BMU/UCC       PROGRAM REVIEW       Inst: PBSP

079.

**CDCR#: P-20045**
Custody: CLOB
Rel Date: EPRD 12/24/2019

**NAME: BLOODSAW, Theopric**
CS: 93  (IV)
C/C Eff. 07/14/04
Reclass: 02/27/07

Housing: B8-209L
Assignment: BMU STEP #1
Action:  **REAFFIRM BMU PLACEMENT
90 DAYS. RETAIN ON STEP # 1
30 DAYS. CONTINUE WG/PG
C/C EFF. 07/14/04.  D/C CLEAR**

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day  Program Review.  Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File and is clear noting NCF.  Committee notes S has an RGPL of 3.3.  Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, 3315(d)(2)(A) and was present during Committee.  The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less.  S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise.  Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed.  S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie.  Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied.  S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points.  Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.**  Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations.  S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07.  Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2.  **Step # 1 Privileges include, but are not limited to:**

- ❖  WG/PG, C/C status for approximately 30 days.

- ❖  Emergency telephone calls only.

- ❖  One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.

- ❖  A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.

- ❖  Non-contact visits, if eligible; with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days.  Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody.  S was reviewed and cleared for double-celling, noting no history of in-cell violence.**  S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP).  S's case will be reviewed in approximately 30 days to establish future program modifications.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071.  PC 2933 and 2930 have been complied with.  S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand.  Next 30 day Program Review will be on 02/27/07.  Next Annual Review in 06/07.

CHAIRPERSON:  M. FOSS/AC         J. ROBERTSON/CCI I         S. ROBERTS/EDUCATION         RECORDER: D. MELTON/CCI

☐ OBIS ☐ CSR ☐ IGI ☐ PSYCH ☐ MED ☐ OTHER

Committee Date: **01/30/07**    (MELTON)    Classification    **BMU/UCC**    **PROGRAM REVIEW**    Inst: PBSP

# 123 HS
## 114

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| | | | |
|---|---|---|---|
| NO: | P-20045 | NAME BLOODSAW, THEOPRIC | |
| Custody: | MAX | PS: 119  Level: IV  WG/PG: D1/D  EFF: 09/13/07  Assignment:  ASU MERD 04/12/08 | HSG:  ASU E1 |
| Rel Date: | EPRD 09/02/202' | Reclass:  03/05/2008  Action:  FORFEIT 90-DAYS GCC MAX, MERD 04/12/08;  REFER TO CSR RX TX EXTENSION | |
| BPH Rev: | 0 | TO PBSP SHU | |

**RECOMMENDED ACTION:** Refer to CSR recommending transfer extension to PBSP-SHU.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear and was reviewed in absentia by PBSP AD-SEG, ICC on this date for Subsequent Review.

**ADMINISTRATIVE PLACEMENT DUE PROCESS:**

**DISCUSSION:** Committee notes S is currently endorsed for transfer to PBSP-SHU to serve a determinate SHU term due to RVR dated 04/12/07, Battery on a Peace Officer. Committee elects to forfeit 90-days of Good Conduct Credit due to RVRs dated 10/25/07, Disrespect without Potential for Violence and RVR dated 10/03/07, Refusal to Obey Orders, resulting in a **MAX MERD 04/12/08.** Committee also notes the transfer for PBSP SHU will expire on 12/07/07. **STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer D. Harlow was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes 128-C, dated 05/21/07, noting S is not a participant in the MHSDS level of care. S does not meet PBSP-SHU exclusionary criteria.

**DA ACTION:** N/A

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

**COMMITTEE ACTION:** Committee acts to refer to the CSR recommending transfer extension to PBSP-SHU. This is an adverse transfer. Upon transfer, S's custody will be MAX, WG/PG D1/D effective 09/13/07, and single cell housing will not be required.

**INMATE COMMENTS:** Did not appear.

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:   F. JACQUEZ/CDW                        RECORDER:   S. O'DELL/CCII

COMMITTEE MEMBERS:   M. FOSS/CAPT.        J. PASCOE/PHD

DATE:   12/05/2007        ASU INSTITUTIONAL CLASSIFICATION COMMITTEE        Inst.: PBSP

orig.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| | | | |
|---|---|---|---|
| NO: | P-20045 | NAME: BLOODSAW, THEOPRIC | |
| Custody: | MAX | PS: 133  Level: IV  WG/PG: D1/D  EFF: 09/13/2007 Assignment: ASU MERD 04/12/2008 | HSG:  ASU E1 |

Rel Date: EPRD 12/01/2021 Reclass: 06/12/2008 **Action:** RETAIN SHU INDET STATUS UPON EXPIRATION OF MERD; REFER TO CSR RX
BPH Rev: 0                                                        TX PBSP/COR SHU

**RECOMMENDED ACTION:** Retain in SHU indeterminate status upon expiration of MERD. Refer to CSR recommending transfer PBSP/COR SHU.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Pre-MERD Review. Pursuant to CCR 3336 the Reason for Placement (Part A) is: S is serving a determinate SHU term due to RVR 04/12/07, Battery on a Peace Officer, with a MERD of 04/12/2008.

**DISCUSSION:** Committee notes S is endorsed for transfer to PBSP SHU. Due to the lack of SHU bedspace S has remained in ASU on Active MERD. Committee reviewed S's disciplinary history which includes two RVR's that resulted in determinate SHU terms. S has been found guilty of RVR's dated 08/11/99, Attempted Battery on a Peace Officer, 04/12/07, Battery on a Peace Officer 12/19/07, Indecent Exposure and numerous RVR's for recurring Failure to Meet Program/Work Expectations. Committee views S's refusal to appear at ICC for his Pre-MERD Review, as another example of his refusal to program. Committee deems S's presence in GP poses an unacceptable risk to the safety of others and the security of the institution. Committee acts to retain S on SHU Indeterminate status upon expiration of MERD.

**STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes CDCR 128-C, dated 06/27/01, noting S is not a participant in the MHSDS level of care.

**DA ACTION:** N/A

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

**COMMITTEE ACTION:** Committee acts to refer this case to the CSR with recommendation for transfer to PBSP, with alternate of COR, for SHU placement. This is an adverse transfer. Upon transfer, S's custody will be MAX; WG/PG D1/D effective 09/13/07 and single cell housing will not be required.

**INMATE COMMENTS:** N/A

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    F. JACQUEZ/CDW                                    RECORDER:    S. O'DELL/CCII

COMMITTEE MEMBERS:    R. BELL/FC              J. PASCOE/PHD

DATE:    03/12/2008            ASU INSTITUTIONAL CLASSIFICATION COMMITTEE            Inst.: PBSP

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| | | | | |
|---|---|---|---|---|
| NO: | P-20045 | NAME: BLOODSAW, THEOPRIC | | HSG: ASU F12  B8 113 |
| Custody: | CLO-B | PS: 133   Level: IV   WG/PG: A2/B   EFF: 04/13/08   Assignment: SS, FS W/L | | |
| Rel Date: | EPRD 12/01/2021 Reclass: 04/25/08   Action: ASSESS/SUSPEND 6-MONTH SHU TERM RVR 12/19/07; REFER TO CSR | | | |
| BPH Rev: | NA | AUDIT/REVIEW; RELEASE PBSP-IV B FAC ESTABLISH CLO-B CUSTODY WG/PG | | |
| | | A2/B EFF 04/13/08; FS, SS W/L; REFER BMU REVIEW | | |

**RECOMMENDED ACTION:** Refer to CSR for audit/review.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Subsequent Review. Committee notes S currently housed in ASU without being issued a CDCR 114-D.

**DISCUSSION:** S was previously housed at PBSP SHU serving a determinate SHU term due to an RVR dated 04/12/07, Battery on a Peace Officer. At the expiration of a 04/12/08 MERD, S was moved to ASU. Committee notes a CSR action dated 03/25/08 referred the case to the CDW. The CSR noted an RVR dated 12/19/07, for Indecent Exposure had not been assessed a SHU term as required per the CSRs. Committee also notes ICC action dated 03/12/08 retained S on Indeterminate status due to S's disciplinary history. ICC acts to rescind ICC action dated 03/12/08. C-File reflects S was found **guilty of the following:** RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. **This offense warrants a SHU term; therefore Committee acts to assess a 6-month concurrent SHU term and refer to CSR for audit and review.** No aggravating factors were noted. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied. Suspended MERD for this offense is 05/04/08

**STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes CDCR 128-C, dated 04/02/08, noting S is not a participant in the MHSDS level of care.

**DA ACTION:** NA

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** GP

**COMMITTEE ACTION:** Release to the GP on FAC-B only. C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. **This offense warrants a SHU term; therefore Committee acts to assess and suspend a 6-month concurrent midrange SHU term for Indecent Exposure. MERD for this offense is 05/04/08.** No aggravating nor mitigating factors were noted. Refer to CSR for audit and review. S's WG/PG will be D2/D effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied.

Refer for BMU placement, establish CLO-B custody, and WG/PG A2/B, effective 04/13/08, and place on the SS, FS waiting lists.

**INMATE COMMENTS:** NA

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    M. COOK/CDW(A)                                      RECORDER:    S. O'DELL/CCII

COMMITTEE MEMBERS:    R. BELL/FC                    C. GLINES/PHD

DATE:    04/16/2008                    ASU INSTITUTIONAL CLASSIFICATION COMMITTEE                    Inst.: PBSP

EXHIBIT





# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC    NO. P20045    RM: A2-202L    DATE: 05/10/07

EXAM REQUESTED:              CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:             PCP CLINIC

CLINICAL DATA:               HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:         CERVICAL SPINE THREE VIEWS

FINDINGS:                    This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications. There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5. Mild arthritic changes are noted at C4-5. Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7. At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing. Lateral mass arthritic changes are noted at disc spaces above this. There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic. This is probably unchanged from the preceding study. The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

IMPRESSION:        1.    **FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.**
                   2.    **FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.**
                   3.    **I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.**

05/15/07                     PHILIP GRIMM, M.D.                    DLK
DATE READ                    RADIOLOGIST                    TRANSCRIBER

California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric          NUMBER: E-40947          DATE: 12/17/92

DOCTOR: Hoffman                    HOUSING: 4B


SKULL SERIES, C-SPINE.


HISTORY: Blow to head 1977. Dizziness daily since.


SKULL SERIES.

I see no fracture, sinuses clear.


IMPRESSION: Unremarkable skull series.


CERVICAL SPINE.


Films continue to show loss of normal cervical lordosis. There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.


IMPRESSION: Abnormal C-5/6 interspace. No other significant findings identified.


Mario Deguchi, M.D./Jay Grauman, M.D.


Dictated: 12/22/92 ls/JG
Original: Medical Chart
        cc: X-Ray Jacket

## California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric     NUMBER: E-40947     DATE: 10/20/92

DOCTOR: Brown     HOUSING: 4B

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the ~~latend~~ left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described, *Follow up Lateral + open mouth view Rx.*

Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
       cc: X-Ray Jacket

X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## CORRECTIONAL TRAINING FACILITY

NAME:                  CDC #:           CELL:          DOB:        DATE:
BLOODSAW, THEOPRIC     P-20045          D4/025U        06/24/58    02/26/99

EXAM REQUESTED:
PA AND LATERAL CHEST

CLINICAL DATA:
OLD GSW, LEFT THORAX

REFERRING PHYSICIAN:
D. GINES, M.D.


RADIOGRAPHIC REPORT:

CHEST:   PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT
HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.   BOTH LUNGS ARE
WELL EXPANDED AND CLEAR.   THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY
PATHOLOGY.   THE HEART IS NORMAL IN SIZE AND CONTOUR.   THERE IS NO
MEDIASTINAL ADENOPATHY.

IMPRESSION:

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT
UPPER HEMITHORAX.   NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.   THERE
ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.


03/02/99                 NELSON PARKER, M.D.                      NHP/gj
DATE READ                    RADIOLOGIST          DATE TYPED:  04/07/99

NAME  Bloodsaw                    NUMBER  E40947       AGE  32    DATE     12/17/90

X-RAY REQUESTED      Left hip                        PHYSICIAN   A. C. Pedley, M.D.

REPORT:

   The left hip is negative for evidence of acute fracture or dislocation.
   There are several bullet fragments overlying the soft tissues lateral to
   the left hip joint space and suggested slight increased narrowing of the
   left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90
                                        ROBERT J. BEMRICK, M.D.
                                        RADIOLOGIST

                    S.C.C. X-RAY REPORT

NAME  Bloodsaw                    NUMBER  E40947        AGE  32    DATE  12/17/90

X-RAY REQUESTED    Left hip                            PHYSICIAN  A. C. Pedley, M.D.

REPORT:

The left hip is negative for evidence of acute fracture or dislocation. There are several bullet fragments overlying the soft tissues lateral to the left hip joint space and suggested slight increased narrowing of the left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90

ROBERT J. BEMRICK, M.D.
RADIOLOGIST

S.C.C. X-RAY REPORT

NAME  Bloodsaw                    NUMBER  E40947        AGE  31    DATE  2/16/90

X-RAY REQUESTED    Upper GI Series                     PHYSICIAN        F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal disease or other significant abnormality except for a developmental or possibly old minor post-traumatic deformity involving the right transverse process of the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to be increased prominence of the partially visualized distal antral and pyloric folds and there is deformity of the duodenal bulb with inflammatory thickening of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:   Findings consistent with nonerosive antral gastritis and duodenitis.

No evidence of peptic ulceration involving the upper intestinal tract.

B: ck
2/27/90
3/2/90

Robert J. Bemrick, M.D.
Radiologist

S.C.C. X-RAY REPORT




# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC   NO. P20045   RM:  A4-226   DOB: 06/25/58   DATE: 07/23/04

EXAM REQUESTED:              CERVICAL SPINE

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              HISTORY OF PAIN.

RADIOGRAPHIC REPORT:        CERVICAL SPINE

FINDINGS:                   There is mild a reversal of the normal cervical lordosis.

Moderate degenerative disc disease is noted at the C5-6 and C6-C7 levels manifest by disc space narrowing and marginal osteophyte formation.

**IMPRESSION:**              **MODERATE DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7.**



ORIGINAL

07/28/04                    CURTIS COULAM, M.D.                    DLK
DATE READ                   RADIOLOGIST                    TRANSCRIBER




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:                 CERVICAL SPINE

REQUESTING M.D.:                J. LAZORE, F.N.P.

CLINICAL DATA:                  NO HISTORY GIVEN

RADIOGRAPHIC REPORT:            CERVICAL SPINE

FINDINGS:                       Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at  C5-6.  There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

**IMPRESSION:**                 **1.    REDEMONSTRATION OF DEGENERATIVE DISC DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.
2.    THERE IS MILD ANTERIOR SUBLUXATION OF C4 WITH RESPECT TO C5 OF APPROXIMATELY 2 MM WHICH WAS NOT SPECIFICALLY PRESENT ON THE FILMS OF 7/23/04.**

**ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.**

02/22/05                        CURTIS COULAM, M.D.                              BGR
DATE READ                       RADIOLOGIST                             TRANSCRIBER




# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:              3 VIEW LUMBAR SPINE

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               NO HISTORY GIVEN

RADIOGRAPHIC REPORT:         3 VIEW LUMBAR SPINE

FINDINGS:          The lumbar vertebra are normally aligned and the disc spaces are well maintained.  No compression fractures are evident.  There are no arthritic changes.

**IMPRESSION:**              **NORMAL LUMBAR SPINE.**


EXAM REQUESTED:              LEFT HIP

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               NO HISTORY GIVEN

RADIOGRAPHIC REPORT:         LEFT HIP

FINDINGS:          4-5 tiny metallic fragments are noted in the soft tissues lateral to the hip joint.  These all appear to be extra articular.

The femoral head is normally developed and normally located in the acetabulum.  The joint space is well preserved.  No significant arthritic changes are evident.

**IMPRESSION:**              **TINY METALLIC FOREIGN BODIES IN THE SOFT TISSUES LATERAL TO THE HIP.  THE HIP, PER SE IS UNREMARKABLE.**

02/22/05                     CURTIS COULAM, M.D.                     BGR
DATE READ                    RADIOLOGIST                     TRANSCRIBER



NAME: BLOODSAW, THEOPRIC    NO. P20045  RM: A2-125  DOB: 06/25/58  DATE: 03/14/05

EXAM REQUESTED:                SINUS SERIES

REQUESTING M.D.:               J. LAZORE, F.N.P.

CLINICAL DATA:                 HISTORY OF MAXILLARY PAIN

RADIOGRAPHIC REPORT:           SINUS SERIES

FINDINGS:                      The paranasal sinuses are all normally developed and normally
aerated. There is no evidence of acute or chronic sinus disease.

IMPRESSION:                    NORMAL SINUS SERIES.

 

# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P-20045  RM: ~~A2-118~~ A3-107L  DOB: 06/25/58  DATE: 06/23/05

EXAM REQUESTED:            FIVE VIEW CERVICAL SPINE

REQUESTING M.D.:           W. WAHIDULLAH, M.D.

CLINICAL DATA:             HISTORY OF PAIN

RADIOGRAPHIC REPORT:       FIVE VIEW CERVICAL SPINE

FINDINGS:                  Comparison to previous study dated 02/22/2005.

Soft tissues remain normal.

Again noted is approximately 2 ml subluxation of C-4 with respect to C-5.  This is unchanged compared to the previous study.

Degenerative narrowing of the C5-6 and C6-C7 disc spaces are again noted with no demonstrable change.

Again noted is minimal foraminal encroachment at the C5-6 level bilaterally.

**IMPRESSION:**           **DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7 WITH MILD SUBLUXATION OF C4 ON C5.  THESE FINDINGS WERE ALL PRESENT ON THE PREVIOUS STUDY AND THERE HAS BEEN NO DEMONSTRATED CHANGE SINCE THAT EXAMINATION.**

06/07/05                   CURTIS COULAM, M.D.                    BMC
DATE READ                  RADIOLOGIST                            TRANSCRIBER

# ADA APPEAL TRACKING SHEET

INMATE NAME __Bloodsaw__ CDC # __P20045__ APPEAL # __A05-01931__

Appeal Received                                     Date: __5/11/05__

Verification Attached                        ☒ YES        ☐ NO

Medical Chart Reviewed                          Date:_____

Verification Obtained by Review        ☐ YES        ☐ NO

Appeal Forwarded for Review                     Date:_____

Request for Verification                         Date:_____

Verification Confirmed                      ☐ YES        ☐ NO

                                            Date Received:_____

Appeal Forwarded for Review                     Date:_____

Unable to Verify/Consult Necessary          ☐ YES        ☐ NO

Appeal Suspended                                Date:_____

Appointment with Outside Consult Scheduled      Date:_____

Outside Consult Completed/Report Received       Date:_____

Appeal Forwarded for Review After Suspension    Date:_____

9/1/05



# URGENT
# ADA

## Request
## for
## Medical Review

## Verification
## of
## Disability

Inmate **BLOODSAW** CDC# **P20045** , has filed a CDC 1824 requesting accommodation under ADA. His medical file has been reviewed and has no verification of the disability he is claiming. For proper processing, a CDC 1845 and a CDC 128-C listing limitation must be generated and returned to the Appeals Office prior to _**5/24/05**_ .

APPEAL # _A05-01931_

Please put on
Dr. Line to
have ADA
issues discussed.

Thank You
Candy Wood
x7224
Med. Appeals

Return to Med. Appeals
by 5/24/05

9% 84
5 79

## ADA 1824 RESPONSE SHEET

Inmate's issue: Vertebral abnormal C-5/6 + C6-7, severe pain in left hip, spasms, lower back pain, dizziness

Inmate interviewed on: 5/19/05    By: W. Wahidullal MD
Date      Interviewer

Inmate stated during the interview: pt wants total disability due to his back and neck pain, & occasional spasm.

Inmate's request for accommodation is: Totally disable under ADA - per diagnosis of physician.

The reason for the determination is: , Refer to Physical therapy for evaluation for disability, as it could not be determined, based on pt sitting comfortable dug exam, not in any distress, and able to walk, no weakness or numbness in Arms, hand or legs, no report or radiate of pain to the base of thigh.

If a determination cannot be made without an outside consult, please attach the order for MAR review of outside consult.

# ADA APPEAL TRACKING SHEET

INMATE NAME _Bloodsaw_ CDC # _P20045_ APPEAL # _____

Appeal Received                                    Date: _5/11/05_

Verification Attached                              ☒ YES      ☐ NO

Medical Chart Reviewed                             Date:_____

Verification Obtained by Review                    ☐ YES      ☐ NO

Appeal Forwarded for Review                        Date:_____

Request for Verification                           Date:_____

Verification Confirmed                             ☐ YES      ☐ NO
                                                   Date Received:_____

Appeal Forwarded for Review                        Date:_____

Unable to Verify/Consult Necessary                 ☐ YES      ☐ NO

Appeal Suspended                                   Date:_____

Appointment with Outside Consult Scheduled         Date:_____

Outside Consult Completed/Report Received          Date:_____

Appeal Forwarded for Review After Suspension       Date:_____

STATE OF CALIFORNIA

DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)

DEPARTMENT OF CORRECTIONS

CDC 1845 (Rev. 01/04)

CHECK ALL APPLICABLE BOXES

THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| BLOODSAW | P20045 | PBSP | AZ 202L | 8/1/07 |

*Sections A - B to be completed by licensed medical staff.*

## SECTION A: REASON FOR INITIATION OF FORM

- [X] Inmate self-identifies to staff
- [ ] Third party evaluation request
- [ ] Observation by staff
- [ ] Medical documentation or Central File information

## SECTION B: DISABILITY BEING EVALUATED

- [ ] Blind/Vision Impaired
- [ ] Speech Impaired
- [X] Deaf/Hearing Impaired
- [ ] Mobility Impaired

*Sections C - G to be completed by a physician only.*

## SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT

1. [ ] FULL TIME WHEELCHAIR USER - DPW
Requires wheelchair accessible housing and path of travel.

2. [ ] INTERMITTENT WHEELCHAIR USER - DPO
Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell.

3. [ ] MOBILITY IMPAIRMENT - With or Without Assistive Device
(Wheelchairs shall not be prescribed) - DPM
Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel.

4. [ ] DEAF/HEARING IMPAIRMENT - DPH
Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements.

5. [ ] BLIND/VISION IMPAIRMENT - DPV
Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E).

6. [ ] SPEECH IMPAIRMENT - DPS
Does not communicate effectively speaking or in writing.

## SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT

1. NO CORRESPONDING CATEGORY

2. NO CORRESPONDING CATEGORY

3. [ ] MOBILITY IMPAIRMENT (Lower Extremities) - DNM
Walks 100 yards without pause with or without assistive devices.
- [ ] No Housing Restrictions
- [ ] See HOUSING RESTRICTIONS in Section E
- [ ] Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____)

4. [X] HEARING IMPAIRMENT - DNH
With residual hearing at a functional level with hearing aid(s).

5. NO CORRESPONDING CATEGORY

6. [ ] SPEECH IMPAIRMENT - DNS
Does not communicate effectively speaking, but does when writing.

## SECTION E: ADDITIONAL MEDICAL INFORMATION

**CSR ALERT:**
- [ ] Requires relatively level terrain and no obstructions in path of travel
- [ ] Complex medical needs affecting placement  [ ] CDC 128-C _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
- [ ] Cane [ ] Crutch [ ] Walker [ ] Leg/Arm prosthesis [ ] Vest
- [ ] Other: _____  [ ] CDC 128-C(s) dated: _____

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
- [ ] Feeding or Eating [ ] Bathing [ ] Grooming [ ] W/C transferring
- [ ] Toileting [ ] Other: _____ [ ] CDC 128-C(s) dated:_____

**OTHER DPP DESIGNATIONS:**
- [ ] NONE _____; _____
CODE   DATED   CODE   DATED

**HOUSING RESTRICTIONS:** [ ] Lower bunk [ ] No stairs [ ] No triple bunk. CDC 128-C(s) dated: _____

## SECTION F: EXCLUSIONS

- [ ] VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).
- [ ] REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.)
- [ ] REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.)

## SECTION G: EFFECTIVE COMMUNICATION FACTORS

- [ ] Uses Sign Language Interpreter (SLI) [ ] Reads Braille [ ] Communicates with written notes [ ] Requires large print or magnifier
- [ ] Reads lips [X] NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

*Has good function & hearing aids ~ does not need vest*

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| M.C. SAYRE | M.C. Sayre | 8/1/07 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
| M.C. SAYRE | M.C. Sayre | 8/1/07 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;   Green - Chrono Section, Unit Health Record   Canary - C&PR/RC-III;   Pink-CC-I;   Gold-Inmate

State of California

DEPARTMENT OF CORRECTIONS
CDC 128-B

NAME and NUMBER Bloodsaw, P20045

This inmate has been identified as: ☐ DPH ☒ DNH ☐ DPS ☐ DNS and was interviewed as indicated below:
☒ The inmate was/was not interviewed with the assistance of a qualified sign language interpreter.
 Name of sign language interpreter _____

Primary method: (Check one) (This method shall be used for due process, delivery of health care, inmate appeals and CDC 1515)
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☒ Hearing aide(s) ☐ Assistive listening device

Alternative method(s): (Check all that apply)  I/m Request a Vest to Identify his Hearing impair
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☐ Hearing aide(s) ☐ Assistive listening device ☒ None

V.Y. France, Sgt.          France, Sgt.          x T. Bloodsaw          C. Pinten
Interviewer's Name          Interviewer's Signature          Inmate's Signature          CAPTAIN

DATE: 8/16/07  NCTC - VEST ISSUED  8/17/07  C4  INST: PBSP
EQUALLY EFFECTIVE COMMUNICATION FOR HEARING/SPEECH IMPAIRED

Orig.



**NOTES:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

NAME: *Bloodsaw Theopric*

CDC NO.: *P20045* HOUSING: *BE-113*

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

PELICAN BAY
G.P.
UNIT B-8

# LEGAL MAIL

*United States District Court*
*Northern District of Calif.*
*ATTN: Clerk*
*450 Golden Gate Ave.*
*San Francisco, CA. 94102*



PELICAN BAY STATE PRISON
5905 Lake East Dr.
Crescent City CA 95532

UNITED STATES POSTAGE
$ 05.05°
02 1M
000421 7666
AUG 07 2008
MAILED FROM ZIP CODE 95531

C/O m lt
86·08

PELICAN BAY
G.P.
UNIT B-8