*Response To Order To Show Cause*

JF55

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2

3  Name _Bloodsaw Theopric K._

FILED

AUG 19 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4  (Last)          (First)          (Initial)

5  Prisoner Number _N/A_

6  Institutional Address _PBSP, B8-113, P.O. Box 7500,_

7  _Crescent City, CA. 95532_

8

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11  _Bloodsaw Theopric_   CV **08**   **3855**

(Enter the full name of plaintiff in this action.)

_et al._

12  vs.                                    Case No. _____

(To be provided by the clerk of court)

13  _Nelson D._

14  _Harlow D. J._   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983** **(PR)**

15

16

17  (Enter the full name of the defendant(s) in this action)   **E-filing**

JF

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*

19  I.    Exhaustion of Administrative Remedies

20      **[Note:** You must exhaust your administrative remedies before your claim can go

21      forward.  The court will dismiss any unexhausted claims.]

22      A.    Place of present confinement _PBSP_

23      B.    Is there a grievance procedure in this institution?

24            YES (✓)    NO ( )

25      C.    Did you present the facts in your complaint for review through the grievance

26            procedure?

27            YES (✓)    NO ( )

28      D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                    - 1 -

2

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal *Two emergency appeals to Director's Level Review. CV-00752 JF-550. Supreme Court Reports 88*

2. First formal level *LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III Particular circumstance under which exha-*

3. Second formal level *ustion of state remedies is or is not necessary.*

4. Third formal level _____

_____

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES (✓)   NO ( )

F.   If you did not present your claim for review through the grievance procedure, explain why. _____

_____

_____

II.   Parties

A.   Write your name and your present address. Do the same for additional plaintiffs, if any. *Bloodsaw Theopric, PBSP, B8-113, P.O. Box 7500, Crescent City, CA. 95532*

B.   Write the full name of each defendant, his or her official position, and his or her place of employment. *Nelson D., Correctional Officer, PBSP. Harlow D.J., Correctional Officer, PBSP.*

COMPLAINT                    - 2 -

3.

1

2

3

4  III.    Statement of Claim

5        State here as briefly as possible the facts of your case.  Be sure to describe how each

6  defendant is involved and to include dates, when possible.  Do not give any legal arguments or cite any

7  cases or statutes.  If you have more than one claim, each claim should be set forth in a separate

8  numbered paragraph.

9  Nelson D., 10-5-07 Seditious an private cons

10  piracy to deprive const. rights (ADA) single

11  cell housing liberty, due process of law, eq

12  ual protection of the law, breach of duty,

13  entrapment forced BMU an ASU, sexual mis

14  conduct, under color of law. Harlow D.J.,

15  10-3-07 Seditious an private conspiracy to

16  deprive const. rights (ADA) single cell hous

17  ing liberty, due process of law, equal prote

18  ction of the law, breach of duty, entrap

19  ment forced BMU an ASU, sexual misconduct,

20  attempt forced double cell, warrantless disci

21  plinary, under color of law. Sedition et al.

22  IV.    Relief

23        Your complaint cannot go forward unless you request specific relief.  State briefly exactly what

24  you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

25  I am asking the court for just compensation for

26  punitive, monetary, and liability, an slander

27  damages. I am asking the court for a permane

28  nt injunction and grant me single cell housing

COMPLAINT                                - 3 -

1  that I'm legally an medically (ADA) entitle

2  to

3

4  I declare under penalty of perjury that the foregoing is true and correct.

5

6  Signed this ___7___ day of __July_____ , 20 08

7

8              T. Bloodsaw

9                  (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

5.

**FORM E**

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

    I am a resident of _PBSP_ in the county of _Del Norte_,
California. I am over the age of 18 years. My residence address is:

_P.O. Box 7500, Crescent City, CA. 95532_.
On _7-7-08_, I served the attached _Civil Right Complaint_ on the
_Court_ in said case by placing a true copy thereof enclosed in a

sealed envelope with postage thereon fully paid, in the United States mail at

_PBSP_

addressed as follows:

_U.S. Dist. Court, Northern Dist. of CA., 450_
_Golden Gate Ave., San Francisco, CA. 94102_.

    I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on _7-7-08_ [date],

at _Crescent City_, California.

_Bloodsaw Theopric_
[Type or Print Name]

_T. Bloodsaw_
[Signature]

II.

Petitioner denies the allegations contained in paragraph II of the return.

III.

Petitioner admits the allegations contained in paragraphs III, IV, and V of the return.

[Add any further allegations which are appropriate and not already included in the petition.]

Petitioner realleges and incorporates by reference herein all the allegations and contentions set forth in the petition.

WHEREFORE, petitioner requests that the relief prayed for in the petition be granted. DATED:

Respectfully submitted,

[Signature]

[Type your name here]

[Attach a Memorandum of Points and Authorities to the Denial and Exception to the Return. This Memorandum should address the legal arguments made by the Attorney General or District Attorney. For a model format, please refer to the sample Memorandum of Points and Authorities included in Form B. Mail a copy of the denial to the court and a copy to the Attorney General or District Attorney who filed the Return. Attach a proof of service form.]

2

# MOTION-P.C.1538.5

P.C. 1538.5. Motion to return property or suppress evidence.

(A)(1) A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure or either of the following grounds

(i) The warrant is insufficient on its face

(iv) The method of execution of the warrant violated federal and state constitutional standards

(H) If prior to the trial of a felony or misdemeanor opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion the defendant shall have the right to make this motion during the course of trial

Grounds; Motion to set aside; delay in final ruling

(a) Subject to subdivision (b) of Section 995a, the indictment or information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases

(1) If it is an indictment:

(A) Where it is not found, endorsed, and presented as prescribed in this code.

(B) That the defendant has been indicted without reasonable or probable cause.

(2) If it is an information:

(A) That before the filing thereof the defendant had not been legally committed by a magistrate.

(B) That the defendant had been committed without reasonable or probable cause.

(b) In cases in which the procedures set out in subdivision (b) of Section 995a is utilized, the court shall reserve a final ruling on the motion until these procedures have been completed.

# MOTION 1004.

## P.C. 1004 Demurrer; grounds

The defendant may demur to the accusatory pleading at any time prior to the entry of a plea, when it appears upon the face thereof either;

1. If an indictment that the grand jury by which it was found had no legal authority to inquire into the offense charged or, if an information or complaint that the court has no jurisdiction of the offense charged therein;

2. That it does not substantially conform to the provisions of Sections 950 and 952 and also Section 951 in case of an indictment or information;

3. That more than one offense is charged except as provided in Section 954;

4. That the facts stated do not constitute a public offense;

5. That it contains matter which, if true would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution.

# MOTION

# MOTION TO DISMISS LACK OF JURISDICTION OVER THE SUBJECT MATTER

# MOTION

# MOTION TO CORRECT RECORD

# MOTION

# MOTION FOR SUMMARY JUDGMENT

# MOTION

Motion To Dismiss For Insufficiency

# MOTION

## PITCHESS MOTION

# MOTION

## MOTION FOR DEFAULT



ORIGINAL



6

STATE OF CALIFORNIA -DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 17, 2007

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0713606        STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

October 26, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*You have failed to reasonably demonstrate that the issue you are appealing adversely affects your welfare, pursuant to CCR 3084.1(a).*

*THE OFFICE OF THE CHIEF DEPUTY WARDEN HAS DETERMINED YOUR ALLEGATION DOES NOT WARRANT AN INQUIRY INTO STAFF MISCONDUCT. YOUR APPEAL IS THEREFORE BEING REJECTED AND RETURNED TO YOU FOR THE ABOVE NOTED REASON.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

OCT 2 6 2007

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location:  Institution/Parole Region
**PBSP**

1. _____    Log No.   1. _____    Category  +/1

2. _____              2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BloodsAW Theopric | P20045 | | ASU-E1 |

A. Describe Problem: C/O, D. Nelson I am being housed in ASU unlawfully under a unlawful CDC No. P20045 and you have shown a great deal of hostility toward me. On 10-5-07 in the process of escorting me from the shower you made a statement saying I was afraid to take a cellie because they are going to take my butt from me. I am in state prison because of the same Hispanics an Bloods informants that you are getting your information from. They have

If you need more space, attach one additional sheet.

that sex rumor an many others such as I better not ever come on the yard floating all over PBSP and you as a CDC, C/O has chosen to jump on the ban wagon with the informants. On 11-8-02 I did not commit a crime I was

Inmate/Parolee Signature:  T. Bloodsaw          Date Submitted: 10-11-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

**BYPASS**

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I am legally and medically entitle to single cell housing since my arrival at PBSP 2-24-04. 26 S. Ct. 282, 200 U.S. 321 United States v. Timber & Lumber Co. (1906) 3075.3. Discharge Certificates. 3085. Americans With Disabi-

Signature:  T. Bloodsaw          Date Submitted: 10-11-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____


OCT 12 2007    OCT 26 2007
TO ODW    25


0713606

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region ATTACHMENT

Log No. 1. _____ 2. _____    Category

1. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME BloodsAW Theopric | NUMBER V20045 | ASSIGNMENT | UNIT/ROOM NUMBER ASU-E1 |

A. Describe Problem: unlawfully arrested as a parole violator P.C.5011.a parole warrant is P.C.3056. 3000. Definitions. 3013. Unlawful Influence. 3401. Employee and Inmate/Parolee Relations. 3401.5. Employee Sexual Misconduct. 3901.17.2. Criteria for Placement of Parole Hold. 3405. Incompatible Activity. 3377.1. Inmate Custody Designations. 3273. Acceptance and Surrender of Custody. 3075.1. Intake Processing. 3160. Inmate Access to Courts. 103U.S.370, 103U.S.370 Neal v. State of Delaware (1900)

If you need more space, attach one additional sheet.

B. Action Requested: Now I'm taking the privilege of asking you for jurisdiction requirements according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV you have know reason to disrespect me. CV-00752-JF-suit 550

Inmate/Parolee Signature: T. Bloodsaw    Date Submitted: 10-11-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: Bypass - informal review not required

RECEIVED NOV 13 2007 INMATE APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

lities Act. 41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 80 S.Ct. 462, 361 U.S. 516 Bates v. City of Little Rock (1960) 6 S.Ct. 1064, 118 U.S. 356 Yick Wo v. Hopkins (1886) 92 U.S. 275, 92 U.S. 275 Chu Lung v. Freeman (1875)
T. Bloodsaw

Signature: _____    Date Submitted: 10-11-07
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

STATE OF CALIFORNIA -DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 12, 2007

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0713161        STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.

*U. Brani*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

//

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

October 24, 2007

*BLOODSAW, P20045*
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*You have submitted an appeal that duplicates a previous appeal upon which a decision has*
*been rendered or is pending (CCR 3084.3(c)(2)).*

*THIS SAME COMPLAINT WAS ALREADY RECEIVED BY THIS OFFICE AND*
*PROCESSED VIA THE CDW ON 10-23-07.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be
automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be
appealed. If you believe this screen out is in error, please return this form to the Appeals
Coordinator with an explanation of why you believe it to be in error, and supporting
documents. You have only 15 days to comply with the above directives.

```
┌─────────────────────────────────────────────────────────┐
│  PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE              │
└─────────────────────────────────────────────────────────┘
```

OCT 2 4 2007

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**

CDC 602 (12/87)

Location: Institution/Parole Region    Log No.         Category  7/1

PBSP

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME *Bloodsaw Theopric*    NUMBER *P20045*    ASSIGNMENT _____    UNIT/ROOM NUMBER *ASU-E1*

A. Describe Problem: C/O Harlow D. J. I am taking the privilege of as-King you for jurisdiction requirements for my false im-prisonment at PBSP accorbing to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV. On 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. CDC No. P20045 is unlawful and void. Out of hostility an bigotry you came to my cell with the picture identification card of another inmate demanding me to

If you need more space, attach one additional sheet.

_____ move into his cell. I told her I was not moving into his cell or going to take a cellie she stated that I was afraid and scared that he was going to take my butt from me, I have heard the southern Hispanics and Blood

Inmate/Parolee Signature: *T. Bloodsaw*    Date Submitted: 10-24-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: *Bypass - informal review not required*

RECEIVED NOV - 5 2007 STATE APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

80 S. Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 9 S. Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 26 S. Ct. 282, 200 U.S. 321 United States v. Detroit Timber + Lumber Co. (1906) 72 S. Ct. 205, 342 U.S. 165 Rochin v. California (1952)

Signature: *T. Bloodsaw*    Date Submitted: 10-24-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

OCT 2 4 2007

16

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

First Level □ Granted □ P. Granted □ Denied □ Other

Interviewed by: _____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____

Signature: _____ Title: _____

Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Your statements are false. my lost appeal was on 10-11-07 and not against C/O Harlow. 90 S. ct. 1011, 397 U.S. 254 Goldberg v. Kelly (1970) 78 S. ct 1332, 357 U.S. 513 Speiser v. Randall (1958) 97 U.S. 652, 97 U.S. 652 Barney v. Dolph, (1878) * 811 60 S. ct. 811

Signature: I. Bradshaw    Date Submitted: 10-29-07

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

□ See Attached Letter

Second Level □ Granted □ P. Granted □ Denied □ Other

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

C.E. Wilber, Appeals Coordinator refused to cooperate at the second level for malice reasons. 453 F. 2d 12 Inmates of Attica Correctional Facility v. Rockefeller (1971) 320 F. Supp 5- 13 Blyden v. Hogan (1970) 443 Cal. Rpt. 898, 233 Cal. App. 2d 99 LeMere v. Goren (1965) 87 S. ct. 1731, 38 7 U.S. 541 See v. City of Seattle (1967) 635 c.t 177, 317 U.S. 213 Rule v. State of Kansas (1942)

Signature: I. Bradshaw    Date Submitted: 10-30-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: □ Granted □ P. Granted □ Denied □ Other
□ See Attached Letter

Date: _____

CDC 602 (12/87)

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved: _____    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C.E. Wilber, Appeals Coordinator made False statement on a miscellaneous piece of paper saying my chronological history did not support my appeal he said that because it is a fraudulent document. It was returned without my appeal.*

Signature: *T. Boodsaw*    Date Submitted: *11-9-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____
Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Horel Robert A., Warden or Cook M. Associate Warden rejected my appeal for malice reason. My appeal is asking for jurisdiction requirements U.S.C.A. 78 S. Ct. 1332, 357 U.S. 513 Speiser v. Randall (1958) 83 S. Ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963) 101 U.S. 260, 101 U.S. 260 Simmons v. Wagner (1879) 481 F. 2d 1028 Johnson v. Glick (1973)*

Signature: *T. Boodsaw*    Date Submitted: *11-9-07*

For the Director's Review, submit all documents to:  Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

First Level, ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____  Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____  Title: _____  Date Completed: _____

Division Head Approved:                                         Returned

Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

92 S.Ct. 2593, 408 U.S. 471 Morrissey v. Brewer (1972) 89 S. Ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 90 S.Ct. 1011, 397 U.S. 254 Goldberg v. Kelly (1970) 43. Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)

Signature: _____ T. Bloodsaw _____  Date Submitted: 11-9-07

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____  Due Date: _____

☐ See Attached Letter

Signature: _____  Date Completed: _____

Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

9 S.Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878) 72 S.Ct. 205, 342 U. S. 165 Rochin v. California (1952) 87 S.Ct. 1737, 387 U.S. 54 - 1 See v. City of Seattle (1967) 81 S.Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 320 F.Supp. 513 Blyden v. Hogan (1970) 68 S. Ct. 1049, 334 U.S. 266 Price v. Johnston (1948)

Signature: _____ T. Bloodsaw _____  Date Submitted: 11-9-07

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Bloodsaw Theopric | P20045 | 2 | ASU-E1 |

**A. Describe Problem:** gang members tell her that they did not want me in here and I was afraid to take a cellie because they are going to take my butt. I am lawfully an medic- ally entitled to single cell housing she is contradicting CCR Title 15. 3000. Definitions. 3901.17.2. Criteria F- or Placement of Parole Hold. 3075.1. Intake Processing. 3377.1. Inmate Custody Designations. 3160. Inmate Acc- ess to Courts. 3013. Unlawful Influence.

If you need more space, attach one additional sheet.

**B. Action Requested:** I am asking C10 Harlow D.J. For jurisdiction requirements according to the U.S.C. Amendments I - IV - V - VIII - IX - XIII - XIV.

CV-00752-JF-550

Inmate/Parolee Signature: *T. Bloodsaw*     Date Submitted: 10-24-07

**C. INFORMAL LEVEL** (Date Received: _____ )

**Staff Response:** Bypass - informal review not required

Staff Signature: _____     Date Returned to Inmate: _____

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

3271. Responsibility of Employees. 3273. Acceptance and Surrender of Custody. 3401. Employee and Inmate/Parol- ee Relations. 3401.5. Employee Sexual Misconduct. 3085. Americans With Disabilities Act. *540 17 S. Ct. 540

Signature: *T. Bloodsaw*     Date Submitted: 10-24-07

CDC Appeal Number: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim



First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

89 S. Ct. 1322, 394 U.S. 618 Shapiro v. Thompson (1969) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875) 96 S. Ct. 1848, 425 U.S. 7-38 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 6 S. Ct. 73-4, 117 U.S. 241 Ex parte Royall (1886)

Signature: _T. Bloodsaw_    Date Submitted: _10-29-07_

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Date Completed: _____

Signature: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

87 S. Ct. 1727, 387 U.S. 523 Camara v. Municipal Court of City and County of San Francisco (1967) 81 S. Ct. 473, 365 U.S. 167 Monroe v. Pape (1961) 41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 92 S. Ct. 2593, 408 U.S. 471 Morrissey v. Brewer (1972) 83 S. Ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963) 101 U.S. 260, 101 U.S. 260 Simmons v. Wagner (1879)

Signature: _T. Bloodsaw_    Date Submitted: _10-30-07_

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

*inmate*

E OF CALIFORNIA

**LES VIOLATION REPORT**                    **GPL= 3.3**        **CCCMS-NO**                    DEPARTMENT OF CORRECTIONS

| IUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| 0045 | BLOODSAW | 5-28-2020 | PBSP | ASUE-01L | E07-10-0003 |

| TED RULE NO(S). | SPECIFIC CHARGE: | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (b) | REFUSAL TO OBEY ORDERS | ASU-1 | 10-03-07 | 1000 |

IMSTANCES

10-03-07, at approximately 1000 hours, while assigned as the Administrative Segregation Unit-1 (ASU-1) S/E OFFICER #2, I informed ate BLOODSAW, P-20045, ASUE-01L, that it is the expectation for inmates in the ASU to voluntarily double cell, unless there is a umented and justified reason in their Central File stating otherwise. An inmate is considered to have refused to double cell when the ate refuses to allow another to move into his cell or refuses to move into another cell, housing a second inmate. I afforded BLOODSAW opportunity to cell with inmate *SMITH, V-14095*. BLOODSAW stated, "*I aint takin no cellie, fuck you, Bitch, I aint even supposed to be . Bitch, Fuck you.*" I informed BLOODSAW he would receive a CDC-115 for refusing to double cell.

s inmate is not EOP or crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have n carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment in not required.

| ORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. HARLOW | | ASU S/E #2 | S/S |

| EWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| R.E. BERRY, SGT. | | N/A | |

| SSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | |
|---|---|---|---|---|---|---|
| ADMINISTRATIVE | F | 10-5-07 | G.H. WISE, LT. | LOC. | ☐ HO  ☒ SHO  ☐ SC  ☐ | |
| SERIOUS | | | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| CDC 115 | BY: (STAFF'S SIGNATURE) M. HENSHAW CO | DATE | TIME 1145 | TITLE OF SUPPLEMENT N/A | | |
|---|---|---|---|---|---|---|
| INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME |

RING

EE ATTACHED HEARING DISPOSITION

| EFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| CTION BY: (TYPED NAME) G.A., KELLEY, SENIOR HEARING OFFICER | SIGNATURE | DATE | TIME 0946 |
| EVIEWED BY: (SIGNATURE) M. FOSS, CAPT | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M.A. COOK, AWGP | DATE 10-30-07 |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY (STAFF'S SIGNATURE) | | DATE | TIME |

15

STATE OF CALIFORNIA
# SERIOUS RULES VIOLATION REPORT
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3005 (b) | 10-3-07 | PBSP | E07-10-0003 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | | DATE |
|---|---|---|---|---|
| ☐ | **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | | |
| ☐ | **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | | DATE |

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION

| | | INMATE'S SIGNATURE | | DATE |
|---|---|---|---|---|
| ☐ | **I REVOKE** my request for postponement. | ▶ | | |

## STAFF ASSISTANT

STAFF ASSISTANT

☐ REQUESTED    ☑ WAIVED BY INMATE    INMATE'S SIGNATURE ▶ *Refused to sign*    DATE 10/9/07

☒ ASSIGNED    DATE 10/5/07    NAME OF STAFF  C/C P. Price

☐ NOT ASSIGNED    REASON (GA: 2.3)

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE

☐ REQUESTED    ☑ WAIVED BY INMATE    INMATE'S SIGNATURE ▶ *Refused to sign*    DATE 10/9/07

☐ ASSIGNED    DATE    NAME OF STAFF

☑ NOT ASSIGNED    REASON  UNMC per CCR 3315 (d) (1)

EVIDENCE / INFORMATION REQUESTED BY INMATE:  none

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | | INVESTIGATOR'S SIGNATURE ▶ na | | DATE |
|---|---|---|---|---|

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1145 | DATE 10/9/07 |
|---|---|---|---|

CDC 115-A (7/88)

*16*

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
                                                       PAGE ___1___ OF ___2___

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-10-0003 | INSTITUTION PBSP | TODAY'S DATE 10/12/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: On 10/12/07 at approximately 0946 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O J. CRON and C/O B. PRICE) to his refusal was completed.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, B. PRICE, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. PRICE confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 10/03/07.

**Finding**: Guilty of the Div. F-3 (CCR 3315 (a)(3)(J)) offense REFUSAL TO OBEY ORDERS. This offense requires evidence that the inmate was given a direct order by a staff member and the inmate refused to comply with this order. This finding is based upon the following preponderance of evidence:

A. The testimony of OFFICER HARLOW in the disciplinary report of 10/03/07 wherein HARLOW testifies that BLOODSAW was ordered to double cell with another inmate and refused stating "I' aint taking no cellie, fuck you, bitch."

**Disposition**: Assessed **30 day** credit forfeiture for this Div. F offense. With this notice, BLOODSAW is informed that his credit restoration period began 10/04/07 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER G. A. KELLEY | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 10/12/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) c/o B. Harlow | DATE SIGNED: 11/1/07 | TIME SIGNED: 1100 | |

*17*

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE   2   OF   2

| CDC NUMBER<br>P-20045 | INMATE'S NAME<br>BLOODSAW | LOG NUMBER<br>E07-10-0003 | INSTITUTION<br>PBSP | TODAY'S DATE<br>10/12/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL    ☑CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☑HEARING    ☐I.E .REPORT    ☐OTHER

**Additional penalties:** Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or damage of state property.  Restriction of canteen privileges means canteen draw slips will not be accepted during this period of restriction.  Any canteen draw slips submitted by this inmate during this period will be returned without action.  The inmate will be allowed to keep any canteen received or ordered prior to this restriction.  This offense involved the intentional or negligent misuse, damage or destruction of state property as follows: Misuse of a state prison cell property. Specifically, by BLOODSAW willfully refusing to allow another compatible inmate to be housed in the available bed within his assigned cell, BLOODSAW is misusing state prison housing which is costing the state taxpayers hundreds of dollars daily in overcrowding housing of state prisoners and overtime pay for state employees.  Effective the date of this hearing through 01/10/08, canteen privileges are restricted for BLOODSAW for a total of **90 days.**

**Copies:** Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER<br>G. A. KELLEY | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>10/12/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE)<br>c/o D Harlan | DATE SIGNED:<br>11/1/07 | TIME SIGNED:<br>1100 |

ATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

AME and NUMBER      BLOODSAW                    P-20045          CELL:  ASU-E-01L

er CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or amage of state property. Restriction of canteen privileges means canteen draw slips submitted by this inmate will be returned ithout action. The inmate will be allowed to keep any canteen received or ordered prior to this restriction. On 10/12/07, this mate was found guilty of a disciplinary offense (log number E07-10-0003) involving the intentional or negligent misuse, damage destruction of state property. Effective the date of this hearing, canteen privileges are restricted for 90 days through 01/10/08.

G. A. KELLEY
Correctional Lieutenant
PBSP

RIG  :  C-File
:    :  INMATE

ATE   10/12/07                                         PBSP              GENERAL CHRONO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
                                                     CDC-128 B (8-87)

AME AND NUMBER                                              CELL.

RIG  :  C-File
:    :

DC                                                  PBSP              GENERAL CHRONO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
                                                     CDC-128 B (8-87)

AME AND NUMBER                                              CELL.

RIG  :  C-File
:    :

DC                                                  PBSP              GENERAL CHRONO

5.78 7¢    7¢
6    7¢
76    7¢
ʳ9

DA# 07040144                                    Agency:  PBSP                              5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

                              Plaintiffs,            **COMPLAINT**

        vs.                                          Att:
                                                     Alexander
THEOPRIC BLOODSAW, P-20045                           Court ← → Date 6-14-07

                              Defendant.

        The DISTRICT ATTORNEY of the County of Del Norte, State of
California, hereby charges the DEFENDANT with having committed, in the
County of Del Norte, the crime of:


COUNT 1.
BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the
Penal Code, a felony.
        On or about April 12, 2007, the Defendant did willfully and
unlawfully being a person confined in a state prison of this state,
commit a battery upon the person of Correctional Officer J. Thom , an
individual who is not himself a person confined therein. (Kicked in Knee)


COUNT 2.
RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal
Code, a FELONY.
        On or about April 12, 2007, the Defendant did willfully, unlawfully
and knowingly resist executive officers, to-wit: Correctional Officers
J. Thom and T. Holmes, in the performance of their duty by the use of
force and violence .

O`rig

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

Katherine Micks, **DEPUTY DISTRICT ATTORNEY**

1    MICHAEL D. RIESE
    DISTRICT ATTORNEY
2    Courthouse - 450 H Street
    Crescent City, CA 95531
3    Telephone: (707) 464-7210

**FILED**

MAY 3 0 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

4

5              SUPERIOR COURT, OF CALIFORNIA

6                  COUNTY OF DEL NORTE

7    PEOPLE OF THE STATE OF CALIFORNIA,       CASE NUMBER:
            Plaintiff,                        CRPBC7 - 5089

8                                  **ORDER FOR TRANSPORT**
         vs.                               **VIDEO**

9

10    THEOPRIC BLOODSAW, P-20045           COURT DATE: May 31, 2007
            Defendant.                    TIME: 8:00 a.m.

11

12    TO THE WARDEN OF PELICAN BAY STATE PRISON:

13       IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

14

15    IT IF FURTHER ORDERED that said inmate continue to be transported for appearances at the Del Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16    DATED: _____ MAY 3 0 2007

17                                      JUDGE OF THE SUPERIOR COURT
                                     *WILLIAM H FOLLETT*

18

19

20

*5-22-188  A17*
*5-81-164  22*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 – COVER SHEET
CDCR 837 – A (Rev. 07/05)

| PAGE 1 OF 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |
|---|---|---|---|

| INSTITUTION PBSP | FACILITY B | FACILITY LEVEL ☐ I  ☐ II  ☐ III  ☒ IV | INCIDENT SITE B-8 | LOCATION Rotunda | ☐ ASU  ☐ SHU  ☐ PSU ☐ SNY  ☐ PHU  ☐ CTC ☒ GP  ☐ RC | SEG YARD ☒ ASU  ☐ WA ☐ RM | USE OF FORCE ☒ YES  ☐ NO |
|---|---|---|---|---|---|---|---|

| SPECIFIC CRIME / INCIDENT BATTERY ON A PEACE OFFICER | ☒ CCR  ☐ PC  ☐ N/A NUMBER/SUBSECTION: 3005 (c) |
|---|---|

| D.A. REFERRAL ELIGIBLE ☒ YES ☐ NO | CRISIS RESPONSE TEAM ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUESTED ☐ YES  ☒ NO | PIO/AA NOTIFIED ☒ YES  ☐ NO |
|---|---|---|---|

### RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL | ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION | ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | | ☐ SHOOTING | |
| ☒ N/A | | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | | SHOTS FIRED / TYPE WEAPON / FORCE | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | WEAPON: | WARNING# | EFFECT # | TYPE: | NO: |
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | | ☐ MINI 14 | | | BATON ROUND | |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | | ☐ 38 CAL. | | | WOOD | |
| ☐ VISITOR | ☐ EXPLOSIVE | | | ☐ 9MM | | | RUBBER | |
| ☐ OTHER | ☐ FIREARM | ☐ INMATE MANUFACTURED | | ☐ SHOTGUN | | | FOAM | |
| | ☒ HANDS / FEET | WEAPON | | LAUNCHER: | | | STINGER: | |
| | ☐ KNIFE | | | ☐ 37MM | | | .32 (A) | |
| ☒ N/A | ☐ SAP/SLUNG SHOT | | | ☐ L8 | | | .60 (B) | |
| | ☐ PROJECTILE | | | ☐ 40 MM | | | EXACT IMPACT | |
| ESCAPES | ☐ SPEAR | | | ☐ 40 MM MULTI | | | CTS 4557 | |
| | ☐ SLASHING INSTRUMENT: (TYPE) ___ | | | ☐ HFWRS | | | XM 1006 | |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT: (TYPE) ___ | | | FORCE: | | | CHEMICAL: | |
| ☐ W/O FORCE | ☐ OTHER: ___ | | | ☐ EXPANDABLE BATON | | | ☐ OC | |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID ___ | | | ☒ PHYSICAL FORCE | | | ☐ CN | |
| | ☐ UNKNOWN LIQUID | | | ☐ X10 | | | ☐ CS | |
| ☒ N/A | ☐ N/A | | | ☐ OTHER: | | | ☐ N/A | |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY   LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: ___ | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

**SUSPECTS:** BLOODSAW, P-20045, B8-101L

**VICTIMS:** Officer J. Thom, Officer T. Holmes

| COMPLETE SYNOPSIS / SUMMARY ON PART A1 | | Reviewed By:  Facility Captain M. Foss | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

STATE OF CALIFORNIA
**PART A1 – SUPPLEMENT**
CDCR 837 – A1 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 2 | OF | 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |

| INSTITUTION Pelican Bay State Prison | FACILITY B | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |

TYPE OF INFORMATION
☒ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1    Reviewed By: Facility Captain M. Foss

| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE Warden | DATE |

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of
the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA
DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that
the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be
substituted. This is the list of participants authorized by that memorandum.

| | | | |
|---|---|---|---|
| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT,A. . | Correctional Sergeant |
| | | CHAPMAN,C. . | Correctional Officer |
| | | HOLMES,T. . | Correctional Officer |
| | | NORTHRUP,L. . | Corrrectional Officer |
| | | SILVA,J. . | Correctional Officer |
| | | THOM,J. . | Correctional Officer |
| | | WADSWORTH,T. . | Correctional Officer |
| | | KEYS,J. . | MTA |

F 84 20
F 80 25

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART C – STAFF REPORT
CDCR 837-C  (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER<br>PBP-B08-07-04-0144 |
|------|---|----|----|---|

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|------------|-------|-----|---------------|---------------|
| Pepiot | A. | L. | 4-12-07 | 1855 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|--------|----------|------------------|----------------|----------------------|
| 370376 | Facility B Program Sergeant | 5 Years 06 Months | 4-12-07 | B 8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|-------|------------|--------------------------------|--------------------|-------|
| F/S | 1400-2200 | Battery on Peace Officer | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|-----------|------------------------------------------------|---|------------------------------------------------|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | (s) BLOODSAW P-20045 | B8-101L |
| ☒ RESPONDER | (s)C/O T. Holmes | | | |
| ☐ WITNESS | (s) C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|-------------------|-------------------------------|---|---|---|----------------------------|---|
| ☐ WEAPON | | | | | | TYPE: |
| ☐ PHYSICAL | | NO: | NO: | TYPE: | | |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | | ☐ 40 MM | | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ LB | | ☐ CS | |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---------------------------|---------------------|---------------------|------------|-----|
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ YES<br>☒ NO | ☐ YES<br>☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|-------------------------|----------------------|--------------------------------------|----------------|---------------------------|
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A<br>☐ UNKNOWN<br>☐ OTHER | ☐ YES<br>☒ NO |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/ O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|------------------------------|-------|---------|------|
| A. Pepiot | Sergeant. | 64308 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED<br>☐ YES ☐ NO | CLARIFICATION NEEDED<br>☐ YES ☐ NO | DATE |
|------------------------------------------------|---------------|------------------------|-----------------------------------|------|

ℰ 172 173 27
4 84 23

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| | PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER |
|---|---|---|---|---|---|
| | | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| HOLMES | T. | R. | 04/12/07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371628 | B8 FLOOR OFFICER | 4 Years 5 Months | 04/12/07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| S/S | 1400-2200 | BATTERY ON A PEACE OFFICER | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (S) C/O J. THOM | (S)C/O T. WADSWORTH | (S) BLOODSAW | (P20045, B8-101L) |
| ☒ RESPONDER | | | | |
| ☐ WITNESS | (S) C/O L. NORTHRUP | (S) C/O J. SILVA | | |
| ☐ VICTIM | (S) C/O C. CHAPMAN | | | |
| ☐ CAMERA | (S) SGT. A. PEPIOT | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | | | | | |
| ☒ PHYSICAL | | NO: | | NO: | TYPE: | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 | | ☐ 37 MM | | | ☐ OC |
| ☐ NONE | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN |
| FORCE OBSERVED | ☐ 38 CAL | | ☐ L8 | | | ☐ CS |
| BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER: |
| ☐ WEAPON | | | ☐ HFWRS | | | |
| ☒ PHYSICAL | ☒ N/A | | ☐ BATON | | | ☒ N/A |
| ☐ CHEMICAL | | | | | | |
| ☐ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | SPRAINED RIGHT RING FINGER | B-FACILITY MEDICAL CLINIC | ☐ BODILY ☒ N/A | ☒ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☐ UNKNOWN ☐ OTHER _____ | ☐ NO |

NARRATIVE:

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

⁂ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 66538 | DATE 4/12/07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 4-12-07 | APPROVED ☑ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

39. 86-22-8
86 24 27

STATE OF CALIFORNIA

## CRIME / INCIDENT REPORT
## PART C1 – SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|---|---|---|---|---|

| NAME: LAST | FIRST | | MI |
|---|---|---|---|

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONED NEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP. AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT. THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 66538 | | DATE 4/12/07 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pepiot SGT | DATE RECEIVED 4-12-07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

| INCIDENT LOG NUMBER |
| PBP·08-07-04-0144 |

| NAME: LAST Northrup | FIRST L | MI W | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |

| POST # 371620 | POSITION B-7 floor | YEARS OF SERVICE 4 Years / 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B-8 |

| RDO'S S/S | DUTY HOURS 14-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on Peace Officer | CCR SECTION / RULE 3005 (C) | ☐ |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Sgt. A. Pepiot (S) | ............... |
| ☒ RESPONDER | C/o T. Holmes (S) | ............... |
| ☐ WITNESS | C/o J. Thom (S) | ............... |
| ☐ VICTIM | C/o C. Chapman (S) | ............... |
| ☐ CAMERA | C/o T. Wadsworth(S) | ............... |

**FORCE USED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

NO:
- ☐ MINI-14
- ☐ 9 MM
- ☐ 38 CAL
- ☐ SHOTGUN
- ☒ N/A

NO:        TYPE:
- ☐ 37 MM
- ☐ 40 MM
- ☐ L8
- ☐ 40 MULTI
- ☐ HFWRS
- ☐ BATON

**CHEMICAL AGENTS USED BY YOU**

TYPE:
- ☐ OC
- ☐ CN
- ☐ CS
- ☐ OTHER:
- ☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ OTHER: | ☐ YES ☒ NO |

**NARRATIVE:** On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and belligerant while argueing. He began to yell obsenities at C/o Thom stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home" As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # 65647 | DATE 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 4-12-07 | APPROVED ☐YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

29+76    28  24
18#  26

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

PAGE  2  OF  2        INCIDENT LOG NUMBER
                     PBP-08-07-04-0144

NAME: LAST  Northrup       FIRST  L       MI  W

TYPE OF INFORMATION:
[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out
the door toward "A" section to ensure he went strait
back to his cell. I began talking to C/o Holmes, still
inside the office, when I heard C/o Thom yell "get down".
I immediately ran out of the office behind C/o Holmes
and observed C/o Thom and I/m Bloodsaw clenched together
struggling. C/o Holmes was in front of me and grabbed
Bloodsaws upper body area and assisted in taking Bloodsaw to
the ground. While on the ground Bloodsaw continued resisting
by kicking his feet up and down and back and forth. C/o
Thom and C/o Holmes were struggling with Bloodsaws upper
body so I grabbed his feet in an attempt to subdue
them. Bloodsaw continued to attempt to kick me so
I placed my full upper body weight on his legs. I
heard C/o Holmes order Bloodsaw to "Cuff up", "give me
your arm" and continued to struggle before placing
him in hand cuffs. As responding staff arrived I
began yelling for someone to get me some leg irons.
C/o C. Chapman then stepped forward and placed Bloodsaw
in leg irons. I then heard Sergeant A. Pediot say "get
him up, take him to the hobby shop" C/o Holmes was on
his left side with C/o Thom on his right side. they
assisted Bloodsaw to his feet when C/o Chapman and
C/o T. Wadsworth took over the escort. They escorted
Bloodsaw out of B-8. this concludes my involvement
in this incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF  A.W. RH      TITLE  C/o    BADGE #  65647    DATE  4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)   DATE RECEIVED   APPROVED   CLARIFICATION NEEDED   DATE

10-85-176 JO
84-177-29

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 1 OF 2

| INCIDENT LOG NUMBER |
|---|
| PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years / 1 Months | 4·12·07 | B8· Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| 5/5/4 | 0600/1400 | Battery on a Peace Officer | 3005 (C) ☐ |

**YOUR ROLE**

| | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) c/o T. Holmes | (S) I/m Bloodsaw P20045 |
| ☐ RESPONDER | (S) c/o C. Chapman | |
| ☐ WITNESS | (S) c/o T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** | **TYPE:** | | **TYPE:** |
| ☒ PHYSICAL | ☐ MINI-14 ____ | ☐ 37 MM ____ ____ | | ☐ OC ____ | |
| ☐ CHEMICAL | ☐ 9 MM ____ | ☐ 40 MM ____ ____ | | ☐ CN ____ | |
| ☐ NONE | ☐ 38 CAL ____ | ☐ L8 ____ ____ | | ☐ CS ____ | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN ____ | ☐ 40 MULTI ____ ____ | | ☐ OTHER: ____ | |
| ☐ WEAPON | | ☐ HFWRS | | ☒ N/A | |
| ☒ PHYSICAL | ☒ N/A | ☐ BATON | | | |
| ☐ CHEMICAL | | | | | |
| ☐ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | Cut on right Hand and left wrist, Pain in right | | ☐ BODILY  ☒ N/A | ☒ YES |
| ☐ NO | ☐ N/A Knee | ☐ N/A | ☐ UNKNOWN  ☐ OTHER: | ☐ NO |

**NARRATIVE:** On 4·12·07 at approximately 1855 hours Correctional officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/o Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/o Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet befor the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | c/o | 45669 | 4·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

4.88·27 31
40 178 30

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-B08-07-04-014

| NAME: LAST | FIRST | MI |
|---|---|---|
| Thom | James | C |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT          ☐ CLARIFICATION OF REPORT          ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took a step towards me. I grabbed Bloodsaw by the front of his shirt with my right hand and wrapped my left arm around his upper body pulling ~~down~~ Bloodsaw down with the help of C/o Holmes we placed Bloodsaw on the floor in a prone position. Bloodsaw continued to fight refusing numerous orders to cuff up. I pulled Bloodsaw's right arm behind his back so C/o Holmes could place Bloodsaw in Handcuffs. It should be noted that befor the leg irons were placed on Bloodsaw's legs he kicked me in the right knee. C/o's C. Chapman and T. Wadsworth escorted Bloodsaw to the Hobby shop. I was seen by medical staff for injuries to my hands and right knee A 7219 Form was completed. This ends my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/o | 45669 | 4·12·07 |

87-276-32
# 276
# 276

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

| INCIDENT LOG NUMBER |
|---|
| PBP-B0807-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J- | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 Control | 4 Years ___ Months | 4-12-07 | B8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| F/S | 14-2200 | BATTERY ON PEACE OFFICER | 3005-(c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|
| ☐ PRIMARY | (S) J. THOM | (S) C. CHAPMAN | (S) BLOODSAW P-20045 |
| ☐ RESPONDER | (S) T. HOLMES | | |
| ☒ WITNESS | (S) L. NORTHRUP | | |
| ☐ VICTIM | (S) T. WADSWORTH | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | NO: | NO: TYPE: | TYPE: |
| ☐ PHYSICAL | | | |
| ☐ CHEMICAL | ☐ MINI-14 ___ | ☐ 37 MM ___ ___ | ☐ OC ___ |
| ☒ NONE | ☐ 9 MM ___ | ☐ 40 MM ___ ___ | ☐ CN ___ |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___ | ☐ LB ___ ___ | ☐ CS ___ |
| ☐ WEAPON | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ ___ | ☐ OTHER: ___ |
| ☐ PHYSICAL | | ☐ HFWRS ___ ___ | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON ___ ___ | ☒ N/A |
| ☒ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☐ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: ___ | |

## NARRATIVE:

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANITY (FUCK YOU, SUCK MY Dick) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES, AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION, OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DESRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 67266 | 4-12-07 |

| TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _2_ OF _2_

INCIDENT LOG NUMBER
PBP-B 08-07-04-0144

| NAME: LAST | FIRST | MI |
|---|---|---|
| SILVA | J. | B |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT   ☐ CLARIFICATION OF REPORT   ☐ ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW. OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH, HE APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD BY OFFICERS CHAPMAN AND WADSWORTH. THIS CONCLUDED MY INVOLVEMENT WITH THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 67266 | 4-12-07 |

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)  DATE RECEIVED  APPROVED  CLARIFICATION NEEDED  DATE

7 34 55
34 29

STATE OF CALIFORNIA

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __1__ OF __1__

| INCIDENT LOG NUMBER |
|---|
| PBP-B08-07-04-014 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371568 | B-5 control | 4 Years 2 Months | 04·12·07 | BRAVO - 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/O | (S) BLOODSAW    P-20045 |
| ☒ RESPONDER | T. HOLMES C/O | |
| ☐ WITNESS | L. NORTHRUP C/O | |
| ☐ VICTIM | T. WADSWORTH C/O | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:**    **TYPE:** | **TYPE:** | |
| ☐ PHYSICAL | | | | |
| ☐ CHEMICAL | ☐ MINI-14 ___ | ☐ 37 MM ___ ___ | ☐ OC | |
| ☒ NONE | ☐ 9 MM ___ | ☐ 40 MM ___ ___ | ☐ CN | |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___ | ☐ L8 ___ ___ | ☐ CS | |
| ☐ WEAPON | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ ___ | ☐ OTHER: ___ | |
| ☐ PHYSICAL | | ☐ HFWRS ___ ___ | | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON ___ ___ | ☒ N/A | |
| ☒ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN  ☐ OTHER: ___ | ☒ NO |

**NARRATIVE:** ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8·101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/O T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/O L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/O T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | DATE |
|---|---|---|---|
| C/O C. Chapman | C/O | 67045 | 04·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A ___ Sgt / ___ int | 4-17-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

8:55 :94 9° 182-30
35

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE **1** OF **2**

INCIDENT LOG NUMBER: **PBP-B08-07-04-0144**

| NAME: LAST WADSWORTH | FIRST T | MI P | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

POST # 37/621 271579 POSITION: B7 FLOOR #2 | YEARS OF SERVICE 12 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B8 ROTUNDA

RDO's S/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON A PEACE OFFICER | CCR SECTION / RULE 3005 (c)

**YOUR ROLE**
- [ ] PRIMARY
- [X] RESPONDER
- [ ] WITNESS
- [ ] VICTIM
- [ ] CAMERA

WITNESSES: (S) J. THOM C/O, (S) T. HOLMES C/O, (S) L. NORTHRUP C/O

INMATES: (S) BLOODSAW P-20045 B8-101L

**FORCE USED BY YOU**
- [ ] WEAPON
- [ ] PHYSICAL
- [ ] CHEMICAL
- [X] NONE

**FORCE OBSERVED BY YOU**
- [ ] WEAPON
- [ ] PHYSICAL
- [ ] CHEMICAL
- [X] NONE

WEAPONS AND SHOTS FIRED BY YOU: [X] N/A

CHEMICAL AGENTS USED BY YOU: [X] N/A

**EVIDENCE COLLECTED BY YOU** [ ] YES [X] NO — EVIDENCE DESCRIPTION [X] N/A — EVIDENCE DISPOSITION [X] N/A — BIO HAZARD [ ] YES [X] NO — PPE [ ] YES [X] NO

**REPORTING STAFF INJURED** [ ] YES [X] NO — DESCRIPTION OF INJURY [X] N/A — LOCATION TREATED [X] N/A — FLUID EXPOSURE [X] N/A BODILY — SCIF 3301/3067 COMPLETED [ ] YES [X] NO

**NARRATIVE:** ON THURSDAY, APRIL 12th 2007 AT APPROXIMATELY 1855 HOURS WHILE WORKING AS B7 FLOOR OFFICER #2, I RESPONDED TO A PERSONEL ALARM IN UNIT B8. AS I ENTERED THE ROTUNDA AREA OF B8, I OBSERVED THREE OFFICERS AND ONE INMATE ON THE FLOOR NEXT TO HOLDING CELL NUMBER TWO. OFFICER J. THOM WAS HOLDING THE UPPER RIGHT SIDE OF INMATE BLOODSAW P-20045 AGAINST THE FLOOR. OFFICER T. HOLMES WAS HOLDING THE UPPER LEFT SIDE OF BLOODSAW AGAINST THE FLOOR. OFFICER L. NORTHRUP WAS HOLDING BLOODSAWS LEGS DOWN. I NOTICED THAT BLOODSAW HAD ALREADY BEEN PLACED IN HANDCUFFS, WHEN OFFICER C. CHAPMAN PLACED LEG RESTRAINTS ON BLOODSAW. OFFICER C. CHAPMAN AND MYSELF ESCORTED BLOODSAW OUT OF THE UNIT AND PLACED HIM

[X] CHECK IF NARRATIVE IS CONTINUED ON PART C1

SIGNATURE OF REPORTING STAFF: T. W____ | TITLE C/O | BADGE # 49538 | DATE 4-12-07

NAME AND TITLE OF REVIEWER: A. ___ SGT | DATE RECEIVED 4/12/07 | APPROVED [X] YES [ ] NO | CLARIFICATION NEEDED [ ] YES [ ] NO | DATE

#38 #36
# 45 #37

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR B37-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP- B08-07-04-0144

NAME: LAST    Wadsworth,    FIRST  T    MI  P

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT   ☐ CLARIFICATION OF REPORT   ☐ ADDITIONAL INFORMATION

NARRATIVE:  INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING
CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF    TITLE C/O    BADGE # 49538    DATE 4-12-07

3037 184 36
94 76 34 37

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | ON THE JOB INJURY | DATE |
|---|---|---|---|---|
| PBSP | B-8 | (USE OF FORCE)   INJURY   UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 4-12-07 |

| | NAME   LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | Bloodsaw | Theodric | P20045 | B8-101 | |

| | NAME   LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | | | | | |

| | NAME   LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|
| THIS SECTION FOR VISITOR ONLY | | | | | |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| B-8 Rotunda | 4-12-07 - / 1855 | Custody Staff |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL   *(circle)* | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1855 | 1900 | | (AMBULATORY)   LITTER   WHEELCHAIR   ON SITE | 48 | B | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurt"   "My Knee hurt"



| INJURIES FOUND?   (YES)/NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | (7) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| | |
|---|---|
| O.C. SPRAY EXPOSURE?   YES/(NO) | |
| DECONTAMINATED?   ~~YES~~/(NO) | |
| Self-decontamination instructions given?   ~~YES~~/(NO) | |
| Refused decontamination?   ~~YES~~/(NO) | |
| Q 15 min. checks | N / A |
| Staff issued exposure packet?   YES / (NO) | |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Bates RN/1920 | N/A |

| TIME/DISPOSITION | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|
| 2010 / Returned to cell from CTC, (Non-CCCMS patient) | J. Keys / [signature] MTA | 71765 | M/T |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

CCCMS-NO    CPL

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

INMATE'S NAME

**BLOODSAW**

CDC NUMBER
**P-20045**

### REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, April 12, 2007, a decision was made to place you in the Administrative Segregation Unit (AD-SEG). The reason for your placement is while housed on Facility B you were charged with Battery on a Peace Officer. Specifically, you battered Correctional Officer J. Thom. Due to the lack of bed space in ( AD-SEG) you will be confined to quarters until bed space is available. You were not placed into ( AD-SEG) until ___4-13-07___ You will remain in the Administrative Segregation Unit pending adjudication of a Rules Violation Report (RVR) for Battery on a Peace Officer.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | | TITLE |
|---|---|---|---|---|
| 4-13-07 | R TUPY | | | **LIEUTENANT** |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | | STAFF'S TITLE |
|---|---|---|---|---|---|
| 4-13-07 | | J. Mazukk C/O | | | C/O |

[X] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

### ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

#### STAFF ASSISTANT (SA)

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| | | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | | |
|---|---|---|---|
| LITERATE? | [✓]YES [ ]NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ]YES [ ]NO |
| FLUENT IN ENGLISH? | [✓]YES [ ]NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ]YES [ ]NO |
| ABLE TO COMPREHEND ISSUES? | [✓]YES [ ]NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ]YES [ ]NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [✓]YES [ ]NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ]YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ]YES | | |

[ ] NOT ASSIGNED    Any "NO" requires SA assignment

[ ] NOT ASSIGNED    Any "NO" may require IE assignment

#### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

#### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY___    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

State of California

# Memorandum

Date  :  June 7, 2007

# DA ACCEPTED

To  :  M. D. Yax
Associate Warden
Central Services

From  :  Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

**69**          **Resisting or Deterring an Officer**

**4501.5**      **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

**COUNT I    4501.5 Battery Upon a Person not a Prisoner**

**COUNT II  69      Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Inmate
CLO File

State of California

# Memorandum

Date   :   November 6, 2007

### DA DISMISS
(AND DETAINER REMOVAL)

To    :   M. D. Yax
Associate Warden
Central Services

From  :   Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

    **69**             **Resisting or Deterring an Officer**
    **4501.5**       **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

    **COUNT I    4501.5 Battery Upon a Person not a Prisoner**
    **COUNT II   69      Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on October 26, 2007, the case was dismissed by the court, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate.  Please release the Detainer placed by this office.  Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case.  If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

    cc:   Facility Captain
          Facility S&E
          Records
          Security Squad
          Inmate
          OTC Desk
          CLO File