NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| THEOPRIC BLOODSAW, | ) | No. C 08-3156 JF (PR) |
|---|---|---|
| | ) | No. C 08-3315 JF (PR) |
| Plaintiff, | ) | No. C 08-3621 JF (PR) |
| | ) | No. C 08-3622 JF (PR) |
| | ) | No. C 08-3772 JF (PR) |
| | ) | No. C 08-3724 JF (PR) |
| vs. | ) | No. C 08-3855 JF (PR) |
| | ) | |
| | ) | ORDER OF DISMISSAL |
| NELSON, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff, a California state prisoner and frequent litigant in this Court, filed the above-captioned pro se civil rights cases pursuant to 42 U.S.C. § 1983. In each case, he seeks to proceed in forma pauperis under 28 U.S.C. § 1915. On August 15, 2008, the Court ordered Plaintiff to show cause why the actions should not be dismissed pursuant to 28 U.S.C. § 1915(g) or alternatively, to pay the full filing fee, within thirty days of the order. See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). On September 18, 2008, Plaintiff mailed a letter to the Court requesting an extension of time in which to respond to the order to show cause. On September 26, 2008, Plaintiff filed two separate documents entitled "Response to Order to Show

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3855etal_dismissal.wpd

Cause."[1] Plaintiff's request for an extension of time in which to respond to the orders to show cause is GRANTED, and after considering his belated response, the above-captioned cases will be DISMISSED without prejudice to refiling in new civil rights actions in which Plaintiff pays the applicable filing fee.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "failed with the 'intention or desire to harm another.'" Andrews, 398 F.3d at 1121. Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it

---

[1] As Plaintiff did not indicate on these documents the case number(s) in which they should be filed, and as the documents were written on civil rights complaint forms, the Clerk inadvertently filed these documents as complaints in two new cases, Case Nos. 08-4512 JF and 08-4560 JF. In light of Plaintiff's clear indication that these documents were responses to the Court's orders to show cause, those two cases have been dismissed and terminated.

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3855etal_dismissal2.wpd

was frivolous, malicious or failed to state a claim." Id.

Here, plaintiff has had three or more prisoner actions/appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted: (1) Bloodsaw v. Clarke, CV 04-03462 (C.D. Cal. May 20, 2004) (dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); (2) Bloodsaw v. Thomas, CV 04-02944 (C.D. Cal. May 6, 2004) (same); (3) Bloodsaw v. Herm, CV 04-02320 (C.D. Cal. Apr. 19, 2004) (same); (4) Bloodsaw v. Yarborough, CV 04-01110 (E) (C.D. Cal. Mar. 16, 2004) (same); (5) Bloodsaw v. Matusinka, CV 04-01108 (C.D. Cal. March 16, 2004) (dismissal based upon immunity of defendants and pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); and (6) Bloodsaw v Parker, CV 04-01100 (E) (C.D. Cal Mar. 16, 2004) (same). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). Plaintiff is not.

Plaintiff's responses to the order to show cause allege that he is being wrongfully imprisoned and that prison officials have engaged in a variety of wrongful conduct. His responses do not, however, address the existence of his numerous prior "strike" dismissals and do not establish anything approaching imminent danger of serious injury. Because plaintiff has had three or more prior dismissals within the meaning of § 1915(g) and is not under imminent danger of serious physical injury, the above-captioned actions are DISMISSED without

//

//

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3855etal_dismissal3.wpd

prejudice to bringing in a paid action, and the applications to proceed in forma pauperis filed in the above-captioned cases are DENIED.

The clerk shall terminate all pending motions in all of these actions.

IT IS SO ORDERED.

DATED: 10/22/08

JEREMY FOGEL
United States District Judge

G:\PRO-SE\SJ.JF\CR.08\Bloodsaw3855etal_dismissal.wpd